[No. 5867.]

## JOSEFA A. DE CELIS v. A. BRUNSON.

ATTORNEY AT LAW—ILLEGAL FEE.—An attorney representing one party in a negotiation will not be allowed to receive compensation from the other party.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

The plaintiff, as administratrix of her deceased husband, Eulogio de Celis, and successor of the former administrator, Eulogio F. de Celis, brought this action against the defendant for breach of trust as attorney of her predecessor in the sale of certain property belonging to the estate.

For the purpose of raising money to pay the debts of the estate, the plaintiff and Rita de Celis, one of the heirs, conveyed their interest in the estate to Eulogio F., then administrator, thus vesting in him (including his own interest) nine-fourteenths of the estate, which included, with other property, an undivided half of the Rancho San Fernando. This interest in the rancho was then mortgaged by Eulogio to one Gibbs, whose executor, Patterson, brought suit to foreclose. The defendant appeared in that suit, and filed an answer as attorney for Eulogio. A decree of foreclosure having been rendered, the land was sold to Patterson for the amount of the mortgage and costs—about forty thousand dollars. Eulogio then went to San Francisco for the purpose of selling the interest of the estate in the San

Fernando Rancho, in order to raise money to redeem from the mortgage sale, and at the time the transactions occurred upon which this suit is based, was engaged in negotiating a sale, and the defendant was assisting him.

As to the transactions immediately involved in this suit, plaintiff read in evidence the deposition of defendant given in an action brought by one Alvarado against Eulogio, for commissions claimed for selling the interest of the estate in the Rancho San Fernando. The deposition contained the following passages:

"He [Maclay] asked me if I was not the attorney for the defendant [Eulogio]. I told him I was. Next he stated that he was acting for himself and others, and desired to purchase the ranch, and they would make it an object to me to effect a sale. He said that he was authorized to pay one hundred and twenty-five thousand dollars for the ranch, or the interest of the estate of De Celis, and that he would pay me one-half of all that I could get the ranch less than that sum. I immediately went to the office and met Mr. de Celis. I then told Mr. de Celis that I could get one hundred and fifteen thousand dollars for their interest in the rancho—that is, the interest of the estate in the ranch. He replied that he had made up his mind to sell for one hundred and twenty thousand dollars. We talked the matter over for a short time, as to what would be for the best interests of the estate, and he then concluded, and so informed me, that he would sell the interest of the estate for one hundred and seventeen thousand five hundred dollars." Then, having stated that the trade was consummated, witness continues: "I received from Maclay thirty-seven hundred and fifty dollars for my services in the matter. The defendant also agreed to pay me two thousand five hundred dollars, of which sum I have already received seventeen hundred and fifty dollars."

The Court found that there was no fraud on the part of the defendant, and that the estate had not been injured. Judgment was rendered for the defendant, and the plaintiff appealed.

*Thom & Ross, Glassell, Chapman & Smiths,* for Appellant.

The defendant was guilty of fraud in negotiating with

Maclay, and in concealing the fact that he was willing to give one hundred and twenty-five thousand dollars for the land. (1 Story's Eq. Jur. secs. 308, 310; Civil Code, secs. 2228, 2216.)

By this fraudulent conduct of defendant the estate lost seven thousand five hundred dollars, and is entitled to judgment for that amount, with interest from the date of the transaction—April, 1876—and damages. (Civil Code, secs. 3281, 3287.)

At all events, the plaintiff is entitled to recover the amount of profit made out of the transaction by defendant—the thirty-seven hundred and fifty dollars received from Maclay—with interest. (2 Spence's Eq. Jur. 208, 299, 945; Civil Code, secs. 2229, 2216.)

*J. G. Eastman* and *J. A. Graves*, for Respondent, argued that the evidence was conflicting, and for that reason the judgment should not be disturbed.

By the COURT:

The evidence establishes the existence of relations between the defendant and Eulogio F. de Celis such as prohibited the former from receiving compensation or profit from Maclay and others upon the sale to them, and the findings of the Court below in respect to those relations, and the duties of defendant, are not sustained by the record.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

Mr. Chief Justice WALLACE expressed no opinion in this case.