WILLIAM P. ROSS, EXECUTOR,

v.

NELLIE E. SMITH ET AL.

*Administration—Secs. 59, 74 and 76, Chap. 3, R. S.—Widow's Award —Life Estate.*

Upon a claim filed against the estate of a widow for a sum received by her from the administrator of her husband's estate, her said husband having left a will wherein she was given the use of his personal property for life, the sum in question being less than she was entitled to as widow's award, and it being argued that in view of the wording of the receipt given by her, she and her legal representatives were estopped from claiming the money to be her own, this court construes such receipt and holds that the money in question became the sole and exclusive property of said widow, and that claimants failed to show any right thereto.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding.

Mr. C. L. SHELDON, for appellant.

Mr. J. W. WHITE, for appellees.

MR. JUSTICE CARTWRIGHT. By the will of Luman A. Sanford, deceased, the use of his personal property was given to his widow, Guley E. Sanford, for her life, but the princi-

pal was not to be used or disposed of by her, and was to go to his children after her death.

The estate was settled by an administrator, with the will annexed. The only personal property inventoried consisted of certain notes, which, when collected, amounted to $793.15, and the testator left none of the articles of personal property enumerated in the statute which pass to a widow as her sole and exclusive property under the name of the widow's award. No appraisers were appointed, nor were any formal proceedings had concerning an award. Upon final settlement the administrator asked to be credited with sundry items amounting to $528.99, and stated a balance due Guley E. Sanford of $264.16, for the payment of which the court was asked to make an order. The report of the administrator was approved, and he afterward paid to said widow the said balance and took from her a receipt as follows:

"$264.16.            STERLING, Ills., May 7th, 1886.

Received from A. A. Wolfersperger, administrator of the estate of L. A. Sanford, deceased, $264.16, amount due me in full in the estate of L. A. Sanford, deceased, under the will annexed, and in lieu of widow's award.

GULEY E. SANFORD."

The widow afterward died, and by her will all her property was bequeathed to her son, William P. Ross. Appellees, who are children of Luman A. Sanford, filed in the County Court a claim against the estate of said widow for said sum of $264.16, on the ground that it constituted the principal sum of which she had the life use only, and which passed to them at her death. The claim was allowed by the County Court. On appeal to the Circuit Court the cause was tried without a jury, and the foregoing facts appearing, together with a stipulation that said widow paid funeral expenses of Luman A. Sanford, amounting to $82.90, the claim was again allowed by the court.

By the statute the widow was allowed as her sole and exclusive property forever the articles mentioned therein, or, in lieu of such articles an amount of money equal to the

Ross v. Smith.

personal property exempt from execution or attachment against the head of a family residing with the same; and if the administrator should discover that the assets did not exceed the widow's allowance after deducting necessary expenses, she would be entitled to receive it subject only to payment of the funeral expenses of the deceased. Secs. 59 and 74, Chap. 3, R. S.

Although no appraisers were appointed, the award could in no event be less than $400, which was the amount of personal exemptions allowed to the head of a family residing with the same, and there being no articles of personal property the title to which would have vested in the widow by virtue of the statute, no affirmative action was required of her to give notice that she did not choose to take articles which had no existence.

Nor could her right to such award be affected by failing to renounce the benefit of the provisions of the will or otherwise. Section 76, Chapter 3, R. S.; Deltzer v. Scheuster, 37 Ill. 301. She became entitled to take $400, and it was ascertained that the assets of the estate, according to the report approved by the County Court, amounted to less than that sum. She had paid the funeral expenses and had not been reimbursed. We discover nothing that could estop her or her legal representative from claiming that the money was received as her own. It is argued that the receipt given had that effect, and that she thereby acknowledged that she received the money as a bequest made to her in the will and waived her right to claim it in lieu of the articles enumerated in the statute as a widow's award. Whether any receipt could operate as an estoppel under the circumstances or not, the language upon which the argument is founded does not seem to justify that conclusion. There was no will annexed to the receipt and the words "under the will annexed" had no meaning unless they were intended to refer to the character of the legal representative who was administrator with the will annexed. As they might refer to him and could apply to nothing else, it would seem most rational to conclude that such was the intention. The words

"in lieu of widow's award" are consistent with the receipt of the money in lieu of articles of personal property known as the widow's award. The language of the statute is that such property shall be known as the widow's award and that in lieu thereof she may receive money. If she took the money as her own she took it in lieu of property known as an award.

We think that the money became her sole and exclusive property, and that appellees failed to prove their claim to it. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*