JAMES MORTENSON ET AL., REVIVED IN THE NAME OF JOHN MEISTER, ADMINISTRATOR, V. MARTHA BERGTHOLD.

FILED MARCH 19, 1902.   No. 11,331.

Commissioner's opinion, Department No. 1.

1. Administrator: FINAL SETTLEMENT: ORDER OF COURT: FAILURE TO COMPLY: CONDITION OF BOND: BREACH. Failure to comply with a decree of the county court requiring an administrator to pay in money found on his final settlement to be due the estate, is a breach of the conditions of his bond under the statute.

2. ———: ———: ———: ———: ———: ———: STATUTE OF LIMITATIONS. The statute of limitations does not begin to run against an action for such breach of the conditions of the bond till the final decree directing payment is entered.

3. ———: ———: ———: ———: ———: ———: ———: IMMATERIAL EVIDENCE: RES ADJUDICATA. In an action for such a breach of the bond, evidence of matter relating to the conduct of the administration, prior to the decree, held properly rejected, as immaterial and res adjudicata.

ERROR from the district court for Cuming county. Tried below before EVANS, J.   *Affirmed.*

*Thomas M. Franse,* for plaintiffs in error.

*Timothy J. Mahoney* and *J. A. C. Kennedy, contra.*

HASTINGS, C.

There are thirteen assignments of error in this case, but in reality the errors complained of are three: First, error of the trial court in instructing a verdict for plaintiff below, defendant here; second, error of the trial court in rejecting as evidence Exhibit 10 of defendants at the trial, the record of a so-called final settlement of the defendant administrator, Schmela, in 1887; and, third, error in overruling defendant's objection to any evidence in the court below, because the petition showed an action barred by the statute of limitations.   Unless the record discloses error in one or the other of these three particulars, the judgment must be affirmed.   Errors are alleged in rejecting evidence "which would have shown" various things, but what the evidence was, at which this complaint was directed, we have no means of knowing.   The defendant Ferdinand Schmela was, in September, 1878, appointed administrator of the estate of Andrew Bergthold, in Cuming county, Nebraska, and the other defendants were sureties on his bond in the sum of $1,500.   The petition alleges that Schmela entered upon his duties as administrator, and continued to exercise the office until April, 1887, when he ceased to be administrator, but without any final settlement; that in December, 1897, upon a hearing on his final report, a decree was entered by the county court for Cuming county that Schmela pay to the heirs at law of Andrew Bergthold, three in number, the sum of $1,642.88 each; that two of the heirs assigned their interest to the third, who was plaintiff below; that Schmela did not pay any part of the sums decreed; that plaintiff demanded them.   She asked judgment for the whole amount,

18

$4,980.10, and interest from December 31, 1897, when the decree was entered by the county court. The answer of Schmela admits his appointment and qualification as administrator, and the demand for the payment by plaintiff, and denies the remaining allegations. The answer also alleges that Amelia Bergthold, the widow, served as administratrix of the estate of Andrew Bergthold for about a year, and received the personal property, but made no report; alleges that Schmela in April, 1885, accounted for all property in his hands as administrator, and that all the items that constituted the $4,980.10 claimed by the plaintiff are proceeds of real estate sold by Schmela as agent, and for rents received by him as agent for the real estate of the deceased, and none of it was received as administrator. The answer also pleads the statute of limitations, and that plaintiff could not prosecute the action, because the matter of the final report of Ferdinand Schmela as administrator was pending in the district court of Cuming county on error from the order of the county court. Schmela's sureties, Mortenson and Bley, each filed substantially the same answer. The court, at the trial, instructed the jury to find for the plaintiff against Schmela in the sum of $4,980.10, and against the sureties in the sum of $1,500, and entered judgment upon the verdict. Motions for a new trial in substantially the terms of the petition in error were entered separately by the defendants, and were overruled. The judgment against the sureties was superseded, and this action is to reverse the judgment against them. Their bond is conditioned as follows: "Now if the said Ferdinand Schmela shall make and return to the county court within three months a true and perfect inventory of all the goods, chattels, credits, rights, and estate of the deceased which shall come into his possession or to the possession of any other person for him, and out of the same pay and discharge all debts, legacies and charges chargeable on the same, or such dividend thereon as shall be ordered and decreed by the court: to render a true and

just account of his administration to the county court, within one year, and at any other time when required by said court, and to perform all orders and decrees of the county court by the administrator to be performed in the premises, then this obligation to be void, otherwise to remain in full force and effect in law." It will be seen that the action was upon the last clause of the condition in the bond, viz., that the principal should perform all orders and decrees of the county court. This condition of the bond is in accordance with the requirements of the statute. Compiled Statutes, ch. 23, secs. 164, 179.

The instruction of the trial court for a verdict was evidently based upon the proposition that the decree of the county court requiring these payments was valid; that the failure to make them was a breach of the condition of the bond, and the principal was liable for the amount of such payments, and the sureties to the extent of the penalty. Under this view of the law nearly all the allegations of the answers, except the denial of the decree of December 31, 1897, became unimportant. If the foundation of the action was a valid decree of the county court, dated December 31, 1897, manifestly the objection that this action, which was begun December 31, 1898, was barred by the statute of limitations, would have no weight.

An examination of the record shows that due proof was made of the county court's decree, as alleged by the plaintiff. The demand for payment under it, and the refusal, are admitted, as are also the execution of the bond and the assignments to plaintiff by her co-heirs. This would seem sufficient to make out a prima-facie case for the plaintiff. The various matters tendered in evidence by the defense principally related to matters leading up to the decree of the county court of December 31, 1897, and the objection that they were *res adjudicata* seems to have been well taken and properly sustained.

The complaint because Exhibit 10, which is claimed to be a final discharge of defendant Schmela, as administrator, and its confirmation by the district court of Cuming

county, was rejected when offered as evidence, is not well founded. It is quite possible that a previous final discharge of Schmela as administrator would operate as a discharge of his sureties, notwithstanding that he was a party to subsequent proceedings, and in such subsequent proceedings the decree on which this action is based was obtained. But an examination of the pleadings wholly fails to show anything in the answers by way of alleging any such previous final discharge. If there were such allegations, the evidence itself is of such a character that it would be difficult to say that it would amount to a final settlement and discharge. Indeed, this court in the case of *Bachelor v. Schmela,* 49 Nebr., 37, examined nearly all this evidence, and held that it did not show a final discharge. Whether it did or not, there is no pleading of any such method of release by either the principal or the sureties on this bond. The evidence was rightly rejected.

With the prima-facie case made out by plaintiff, and the evidence of defendant properly refused, there was nothing for the court to do but to instruct for a verdict as it did. It appears, therefore, that there was no error, either in instructing for the verdict, in rejecting the evidence of the so-called final settlement in 1887, or in holding that the action was not barred by the statute of limitations.

It is therefore recommended that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.