[Civ. No. 187. Second Appellate District.—February 14, 1906.]

## DANIEL BRYANT et al., Respondents, v. D. W. McINTOSH et al., Executors, etc., of PHEBE U. CAIRNS, Deceased. Appellants.

ESTATES OF DECEASED PERSONS—ATTORNEY FOR EXECUTOR—PAYMENT OF DISTRIBUTIVE SHARES.—The attorney for the executor of the will of a deceased person is disqualified from representing the distributees for the purpose of supervising the proceedings of the executor, and a payment of their distributive shares to such attorney will not absolve the executor.

ID.—UNAUTHORIZED PAYMENT TO ATTORNEY.—A payment of distributive shares by the executor to the attorney of the distributees will not absolve the executor, if made in contravention of an express understanding between the executor and the distributees that payment was to be made directly to them.

ID.—LIABILITY OF EXECUTOR FOR DISTRIBUTIVE SHARES—DECREE DISCHARGING EXECUTOR.—The right of the distributees, under section 1666 of the Code of Civil Procedure, to demand, sue for and recover their distributive shares from the executor is not affected by the decree, discharging the executor from all liability to be incurred thereafter, rendered under section 1697 of that code.

APPEAL from an order of the Superior Court of Los Angeles County, refusing a new trial. C. D. Wilbur, Judge.

The facts are stated in the opinion of the court.

H. T. Gordon, for Appellants.

E. Edgar Galbreth, and Trusten P. Dyer, for Respondents.

SMITH, J.—The plaintiffs are heirs and legatees under the will of Phebe U. Cairns, deceased, and distributees under the final decree of distribution. The suit was brought to recover a balance alleged to be due the plaintiffs under the decree of distribution. The judgment was for the plaintiffs, and the defendant appeals from an order denying his motion for a new trial.

The case is: The plaintiffs are entitled under the decree of distribution to the aggregate sum of $4,882.08. of which there was paid to them by the defendant the sum of $2,191.88—leaving a balance of $1,690.20, which it is found by the court was paid by the defendant to one O. H. Jones, "who retained and appropriated the whole thereof to his own use, but which last-mentioned payment was made without any right or authority so to do, and . . . was not a proper or legal charge against said estate, or said distributive shares, or any of them." These findings are fully supported by the evidence. But it will be proper to say that it is claimed by the defendant that Jones, who was his attorney, was also the attorney of the plaintiffs, and that he paid the money to him as their attorney. But no proof of Jones' employment as attorney for the plaintiffs was introduced, except his statement that he had "procured powers of attorney from the heirs to represent them." These were not produced, and upon the facts disclosed by the evidence, and, indeed, upon the facts alleged in the defendant's answer, the court may well have doubted that he, in fact, had such authorization; and it is at all events clear that the services of an attorney for the plaintiffs in the case were unnecessary, for the purpose of supervising the proceedings of the defendant; for which purpose he was disqualified. It also appears, whether he be regarded as the attorney of the plaintiffs or not, that it was expressly understood between him and the

defendant and the plaintiffs that the money due them was to be paid them directly, and not to Jones. It was also claimed by the defendant that Jones was entitled to receive the money under certain powers of attorney from the plaintiffs to him introduced in evidence; but this claim, we think, is untenable.

It is further found by the court that the powers of attorney last referred to, were obtained by Jones as the result of a conspiracy between him and McIntosh to defraud the plaintiffs by obtaining the executor's release and discharge from the court; and that, by the receipts thus obtained, and by false representations to the court that the amounts distributed to the heirs had been paid to them, he procured his discharge. And one of the points made by the appellant is, that these findings are not justified by the evidence. On this point it will be proper to say that we have not been able to find in the record any evidence of intentional conspiracy with Jones on the part of the defendant, or of actual intention to defraud the plaintiffs, further than may be inferred from the assistance rendered to Jones by his letters and the unauthorized payment of money to him with full knowledge of the facts; and this inference, we think, is fairly rebutted by the influence naturally exerted over him by Jones as his attorney. But the question, we think, is immaterial. We have referred to it simply because we think it due to the defendant to do so. The judgment is sufficiently supported by the other facts found; that is to say, the decree of distribution and the defendant's failure to pay to the plaintiffs the amount due thereunder, which the plaintiffs are by the express provisions of section 1666 of the Code of Civil Procedure, entitled to "demand, sue for, and recover. . . . from the executor." Nor was this liability of the defendant in any way affected by the "judgment or decree discharging him from all liability to be incurred thereafter." (Code Civ. Proc., sec. 1697.)

The order appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.