121 N. W. 205.

---

OLIVIA SJOLI v. E. K. HOGENSON, S. J. GRINDE, BEN TRONSLIN, JOHN SZARKOWSKI AND CYRUS RITCHEY.

Opinion filed July 1, 1909.

On petition for rehearing October 21, 1909.

**Probate Law — Decree of Distribution — Action on Administrator's Bond — Decrees of County Court Rank as Judgments.**

1. The suit is brought to recover a balance claimed to be due plaintiff as heir at law of said C. Gunderson, deceased, decreed to her by a final decree of distribution made by said county court. *Held*, that a final decree of distribution entered by county courts in this state distributing the estate of a deceased person to the heirs at law, is of equal rank with judgments entered by courts of record in this state, and that a distributee named in said final decree of distribution can maintain an action against the executor or administrator, or the bondsmen of the executor or administrator, or both, for the share assigned to said distributee by the said final decree of distribution.

**Probate Law — Decrees Conclusive Against Bondsmen.**

2. Such final decree of distribution is conclusive as against the bondsmen, as well as the administrator, and imports the same degree of verity as judgments entered by courts of record in this state.

**Payment of Residue — Receipts — Fraud.**

3. A receipt obtained from a distributee through fraud and misrepresentation is invalid, and open to explanation and impeachment.

**Words and Phrases — "Payment" — Promissory Note in Settlement — Effect of.**

4. A payment means a payment in money. If paid by promissory note, or anything else than cash, it must be accepted by the payee as payment. *Held*, under the evidence in this case, that the so-called promissory note given by the administrator to plaintiff's husband, did not constitute a payment.

**Words and Phrases—"Decree of Distribution"—Rights of Distributees.**

> 5. A "decree of distribution" is an instrument by virtue of which heirs receive the property of the deceased. It is the final determination of the rights of the parties to a proceeding, and, upon its entry, their rights are thereafter to be exercised by the terms of the decree.

Appeal from District Court, Walsh county; *W. J. Kneeshaw,* J.

Action by Olivia Sjoli against E. K. Hogenson and others.

Judgment for defendants and plaintiff appeals. Reversed.

*Townley & Frankberg* and *H. A. Libby,* for appellant.

Sureties on an administrator's bond may be jointly and severally sued in district court. Joy v. Elton, 83 N. W. 875; 9 N. D. 428; Berryhill's Administratrix's Appeal, 35 Pa. St. 245; Irwin, Administrator, etc., v. Backus et als., 25 Cal. 214; Mortenson v. Bergthold, 89 N. W. 742; Bryant v. McIntosh, 84 Pac. 440; State v. Bennett, 24, Ind. 383.

Judgment of county court may be attacked in district court for fraud. Joy v. Elton, supra; Berryhill's Administratrix's, App. supra; Irwin v. Backus et al., supra.

Final decree of distribution is conclusive on bondsmen. Mortenson v. Bergthold, 89 N. W. 742; Joy v. Elton, supra; 18 Cyc. 1272-5, and cases cited.

Discharge is no bar to action for default prior thereto. Bryant v. McIntosh, 84 Pac. 440; Mortenson v. Bergthold, 89 N. W. 742; Joy v. Elton, supra.

Discharge obtained by fraud is no bar. Pollock v. Cox, 34 S. E. 213; 18 Cyc. 609 (3).

*Jeff M. Meyers, E. R. Sinkler,* and *J. E. Gray,* for respondents.

A determination of the county court is res adjudicata not liable to collateral attack. 18 Cyc. 1192; Joy v. Elton, 9 N. D. 428; Smith v. Hanger, 51 S. W. 1052; State v. Carroll, 74 S. W. 468; Tobelman v. Hildebrandt, 14 P. 20; State v. Gray, 17 S. W. 500; Carven v. Lewis, 2. N. E. 705; Carven v. Lewis 2 N. E. 714.

Final settlement of an account precludes action on bond unless directly attacked in a proper proceeding. 18 Cyc. 1262; 2 Woener 570 (2d Ed.) ; Smith v. Eureka Bank, 24 Kan. 428; Diehl v. Miller, 9 N. W. 240; Proctor v. Dicklow, 45 P. 86; Debrells v. Ponton, 27 Tex. 623.

CARMODY, J. This action is brought against the defendants as bondsmen of Gilbert R. Gullickson, administrator of the estate of Christian Gunderson, by Olivia Sjoli, daughter and one of the heirs at law of Christian Gunderson, to recover the sum of $1,386, claimed to be the amount due her as heir at law of said Christian Gunderson.

The action was tried to a jury, and at the close of the testimony both parties moved for a directed verdict. The trial court granted the motion of defendants, and directed the jury to return a verdict in their favor. Such verdict was returned. In due time plaintiff made a motion for judgment in said action notwithstanding the verdict, or for a new trial, which motion was denied. Plaintiff appeals to this court from the order denying such motion.

A decision of this case will involve a consideration of the following facts: On March 13, 1901, one Christian Gunderson died intestate in Walsh county, N. D., leaving property therein and leaving this plaintiff as one of his heirs at law entitled to one-sixth of his estate. On June 22, 1901, one Gilbert R. Gullickson, of Grafton, N. D., was appointed administrator of said estate, and furnished a bond in the sum of $6,000 with defendants E. K. Hogenson and S. J. Grinde as sureties thereon, and letters of administration were issued in said estate. On January 27, 1902, an order was made for the sale of land in said estate, which order required an additional or sale bond in the sum of $14,000, which was furnished by said administrator with defendants, Ben Tronslin, John M. Szarkowski, and Cyrus Ritchey, as sureties thereon, and thereafter a sale of said real estate was made and duly confirmed. On March 8, 1902, the said adminstrator filed in the county court of Walsh County, in said estate, his final report and account and petition for distribution, which account showed a balance of $8,376 in his hands as such administrator for distribution among the heirs. It also stated the names of the heirs, and the amount each was entitled to. Said county court issued a notice of hearing on said final account and petition for distribution on April 26, 1902, and a notice of said hearing was published as provided by law. On said 26th

day of April, the hearing of said matter was postponed to May 19, 1902, at which time the following was added to said final account: "The attached vouchers show that $8,316 have been paid to above heirs since filing report, leaving a balance of $60 to be divided in like proportions, corrected 5-19-'02, or that such further order may be made as is meet in the premises."

On May 19, 1902, the county court made an order allowing said final account, which, so far as material here, is as follows: "Now, on this day aforesaid, being a day of the regular or May term, A. D. 1902, of this court, it duly appearing to the court, after having fully examined the said account and the vouchers produced in support thereof, that the said account contains a just and full account of all moneys received and disbursed by said Gilbert R. Gullickson, administrator of said estate, from the 22d day of June, A. D. 1901, to the 8th day of March, A. D. 1902; that all the necessary and proper vouchers were produced and filed herein. That the total amount received by said Gilbert R. Gullickson as such administrator is $9,788.50, and full amount expended, $9,728.50, leaving a balance of $60. Said amount of $60 in hands of administrator is due and owing to the heirs at law of said estate, and, upon administrator filing vouchers for said amount, he and his sureties on his several bonds shall be relieved from any subsequent liability to be incurred, and that said account is entitled to be allowed and approved; and the court having duly considered the matter aforesaid, it is ordered and decreed that the said final report and account be, and the same hereby is, in all respects as the same was rendered and presented for settlement, approved and settled."

On the same day a final decree of distribution in said estate was made, and, so far as material here, reads as follows: "Now, therefore, on the petition of Gilbert R. Gullickson, administrator of the estate of Christian Gunderson, deceased, and pursuant to due notice and the law in such case made and provided, it is ordered, adjudged and decreed, and this court, by virtue of the powers and authority vested in the same by law, doth hereby order, adjudge and decree that all and singular of the above described personal property be, and the same hereby is, assigned to and vested in the said Nels Burtness, Mrs. Olivia Sjoli, Mrs. Karen Kopperud, Mrs. Aneta Oas, Mrs. Gunda Freedland, Gust Embertson, Otilia K. Knudson, Gaatfred K. Knudson, forever, in the following proportions, towit:

| Nels Burtness | $1,396.00 Same being 1-6 |
| Mrs Olivia Sjoli | 1,396.00 Same being 1-6 |
| Mrs. Karen Kopperud | 1,396.00 Same being 1-6 |
| Mrs. Anetta Oas | 1,396.00 Same being 1-6 |
| Mrs. Gunda Freedland | 1,396.00 Same being 1-6 |
| Gust Embertson | 465.33 1-3 |
| Otilia K. Knudson | 465.33 1-3 |
| Gaatfred K. Knudson | 465.33 1-3 |

"To have and to hold the same, together with all the hereditaments and appurtenances thereunto belonging, or in anywise appertaining, to the said above named persons, and their heirs and assigns, forever.

"And it is hereby directed and ordered, that Gilbert R. Gullickson, administrator of the estate of Christian Gunderson, deceased, shall immediately or as soon as conveniently can be, pay and deliver to the above named persons their respective parts or portions of the residue of the said estate as hereinbefore decreed and assigned, and take their receipt therefor, and that, upon the payment and delivery of the residue of said estate as aforesaid, and upon filing due and satisfactory vouchers and receipts therefor in this court, the said Gilbert R. Gullickson, administrator of the estate of Christian Gunderson, deceased, shall be fully and finally discharged from his trust as such administrator."

That afterwards and on the 26th day of July, 1902, a final discharge of the administrator was made in said estate, which, so far as material here reads as follows: "Gilbert R. Gullickson, administrator of the estate of Christian Gunderson, deceased, having this day duly presented to and filed in this court satisfactory vouchers, showing that he has paid all sums of money due from him and has delivered up, under the order of this court, all moneys and property of the said estate remaining in his hands, to the parties entitled thereto, in accordance with the directions of the decree of distribution made by this court on the 19th day of May, A. D. 1902. Now, on motion of Gilbert R. Gullickson, administrator aforesaid, it is ordered, adjudged and decreed that the said Gilbert R. Gullickson, administrator of the estate of said Christian Gunderson, deceased, having brought the administration of said estate to a close, his letters of administration of the estate of Christian Gunderson, deceased, are hereby vacated; and the said Gilbert R. Gullickson,

administrator aforesaid, and his sureties, are hereby released from any liability to be hereafter incurred." That previous to this discharge the administrator paid to plaintiff the sum of $10 and obtained her receipt therefor, which he filed in said county court.

Plaintiff and her husband lived on a farm in Ottertail county, Minn. Neither could read nor write the English language. In April, 1902, the administrator went to Fergus Falls, Minn., where plaintiff and her husband met him as per request by letter. He obtained a voucher or receipt for $1,386, which is in part as follows: "This being one-sixth part of said estate which is all I am entitled to as shown by the final report."

On the same day the administrator handed to the husband of plaintiff a paper which, so far as material here, reads as follows: "North Dakota. $1,386.00. Fergus Falls, Minn., April 1902, on or before October 1st, 1902, I promise to pay to the order of Peder O. Sjoli at Fergus Falls, Minn., for value received, thirteen hundred and eighty-six and no hundredths dollars out of the C. Gunderson estate, as soon as this amount is collected, on account due the estate with annual interest at the rate of 6 per cent from date until maturity, and 6 per cent after maturity, payable annually until fully paid. Interest not paid when due shall bear interest at the rate of 6 per cent per annum until paid. G. R. Gullickson, Administrator of Christian Gunderson Estate."

This paper, defendants contend, is a promissory note extending the time of payment of plaintiff's share of the said estate, and releases the defendants. Neither the plaintiff nor her husband knew the contents of it. In fact, the plaintiff did not see the paper until after she returned to her home. Afterwards, Gullickson, the administrator, went to Texas. On March 28, 1903, he wrote plaintiff's husband a letter in which he stated in substance that he would send the money just as soon as he could get it from other parties whom he claimed had the money. He afterwards returned to Grafton and on May 2, 1904, wrote plaintiff's husband another letter in which he stated that he would send the money as soon as he could get it from the man who had it. In July or August, 1904, one Gust Embertson, went to Grafton; plaintiff and her husband gave him the so-called promissory note, and instructed him to see about getting the money due plaintiff from Gullickson as administrator of her father's estate. On August 20, 1904, Gullickson wrote plaintiff's husband a letter in which he stated that he had met Embertson, and that he would fix

the matter up much sooner that it could be enforced by process of law. All these letters were written in the Norwegian language. About this time the so-called note was turned over to plaintiff's attorneys for collection, as well as the matter of collecting the money from defendants. The administrator, Gullickson, died in the winter or spring of 1905.

The following sections of the Revised Codes of 1905 are applicable to the facts in this case:

"Sec. 7898. The proceedings of a county court in the exercise of its jurisdiction are construed in the same manner and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders and decrees there is accorded like force, effect and legal presumptions as to the records, orders, judgments and decrees of courts of general jurisdiction."

"Sec. 8067. An executor, administrator or guardian may at any time present to the county court a petition praying that his account may be settled and that a decree may thereupon be made revoking his letters and discharging him accordingly. The petition must set forth the facts upon which the application is founded; but the application shall not be entertained while a proceeding is pending for the removal of the executor, administrator or guardian, or if in the opinion of the judge there is good cause for his removal or other sufficient cause for refusing to entertain the same."

"Sec. 8068. If the court entertains such application, a citation must issue to all parties interested in the estate. At the hearing any creditor or other person interested may allege cause for denying the application, or allege cause for his removal and pray relief accordingly. Upon a trial of the issue if the court determines that sufficient cause exists for granting the application the petitioner must be allowed to account; and after he has fully accounted and paid over all money which is found to be due from him to the estate and delivered over all books, papers and other property of the estate in his hands as the court directs a decree shall be made discharging him and revoking his letters, otherwise such decree shall be as justice requires."

"Sec. 8199. The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive evidence against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability, their right to move for cause to reopen and examine the account, or to preceed by action

against the executor or administrator, either individually or upon his bond, at any time before final settlement; and in any action brought by any such person, the allowance and settlement of such account is prima facie evidence of its correctness."

"Sec. 8208. Upon the final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the petition of the executor or administrator, or of any heir, legatee or devisee, the court must proceed to distribute the residue of the estate in the hands of the executor or administrator among the persons who by law are entitled thereto; and if the decedant has left a surviving child and the issue of other children, and any of them before the close of the administration have died while under age and not having been married, no administration on such deceased child's estate is necessary, but all the estate that such deceased child was entitled to by inheritance, must without administration be distributed to the other heirs at law. A statement of any receipts or disbursements of the executor or administrator since the rendition of his final accounts must be reported and filed at the time of making such distribution and a settlement thereof, together with an estimate of the expenses of closing the estate must be made by the court and included in the order or decree or the court or judge may order notice of the settlement of such supplementary account and refer the same as in other cases of the settlement of accounts."

"Sec. 8211. In the decree the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executive or administrator or any persons having the same in possession. Or the court may order a partition and after such further proceedings as may be necessary under the following sections shall make a further decree assigning to each party his separate share and confirming the distribution accordingly."

"Sec. 8212. All questions as to advancement made or alleged to have been made by the decedant to his heirs may be heard and determined by the county court, and must be specified in the decree assigning and distributing the estate; and the final judgment or decree of the court or in case of any appeal of the district court or Supreme Court, is binding on all parties interested in the estate."

Upon all the evidence counsel for defendants made their motion for a directed verdict upon the following grounds:

"(1) The complaint fails to allege, and the evidence to show, that any demand was ever made upon the defendants' principal, G. R. Gullickson; in fact, the evidence affirmatively shows that no demand was ever made.

"(2) The complaint fails to allege, and the evidence to show, the recovery of a prior judgment against the defendants', principal in view of the fact that neither such principal nor his personal representative is a party to this action; in fact, the evidence affirmatively shows that no such judgment has been recovered.

"(3) The complaint fails to state, and the evidence to establish, that the entry of the order of the county court of this county was procured through any fraud practiced by the defendant's principal upon that court, or through collusion by said principal with said court, and the evidence showing affirmatively that all the conditions thereof have been complied with, the same constitutes an unsurmountable barrier to a recovery herein.

"(4) The complaint fails to allege, and the evidence to show, that the contract entered into between defendants' principal and plaintiff, whereby plaintiff, in consideration of such principal's promise to pay her as soon as he should collect out of the estate, acknowledged receipt of the amount sued for, has been rescinded by her; it affirmatively appearing from the evidence that such contract and the promissory note evidencing the same is a valid and enforceable personal obligation as against the estate of G. R. Gullickson, deceased, and, so long as the same stands unrepudiated, an insuperable obstacle to the prosecution of this action, * * * and on the further ground that the undisputed evidence shows that any cause of action which plaintiff may have had is barred by the judgment and decree of the county court of Walsh county, set out in defendants' answer."

The decisive question for determination in this court is whether the refusal of the trial court to direct a verdict in favor of the plaintiff was error. To this question, in our opinion, an affirmative answer must be given. Having reached this conclusion it is unnecessary to consider any of the other assignments of error. The undisputed evidence shows that the administrator obtained the receipt or voucher for $1,386 from plaintiff by deceit and fraud. Neither she nor her husband could read the English language. He represented to them that it was necessary for her to sign this paper before she could get her money, and that the other heirs had already

signed similar papers for the same reason.   The so-called promissory note, made payable to and delivered to plaintiff's husband, was given to him through deceit and fraud.   The administrator gave it to him when his wife was not present and stated to him that it was a paper that showed how much plaintiff had coming from her father's estate.   Plaintiff knew nothing about it until after she and her husband returned to their home on April 7, 1902.   The administrator, Gullickson, kept up the fraud and deceit by writing the letters hereinbefore mentioned.   It is elementary that a receipt obtained from the distributee through fraud and misrepresentations is invalid, and open to explanation or impeachment.   Ross v. Smith, 47 Ill. App. 197.   See, also, 18 Cyc. 609, 610, and cases cited.   The so-called promissory note given by the administrator, Gullickson, to plaintiff's husband was not a payment. A payment means a payment in money. If paid by promissory note, or in anything else than cash, it must be accepted by the payee as payment.   In the case at bar the so-called promissory note was not given to the plaintiff, but to her husband. Neither she nor her husband knew its contents, and she never accepted it as payment.   The distributee may demand, sue for, and recover, her share from the executor or administrator, or any person having the same in possession.   See section 8211, supra. Section 8212, supra, provides, after stating what must be contained in the final decree of distribution, that the final judgment or decree of the court, or in case of an appeal to the district court or supreme court, is binding on all parties interested in the estate.   Decree of distribution in estate of deceased is conclusive upon the rights of heirs, legatees and devisees.   Dallie v. Pennie, 86 Cal. 552, 25 Pac. 67, 21 Am. St. Rep. 61; Wm. Hill Co. v. Lawler, 116 Cal. 359, 48 Pac. 323; Crew v. Pratt, 119 Cal. 139, 51 Pac. 38; Goldtree v. Allison, 119 Cal. 344, 51 Pac. 561; Goad v. Montgomery, 119 Cal. 552, 51 Pac. 681, 63 Am St. Rep. 145; In re Trescony's Estate, 119 Cal. 568, 51 Pac. 951; Jewell v. Pierce, 120 Cal. 79, 52 Pac. 132; Toland v. Earl, 129 Cal. 148, 61 Pac. 914, 79 Am. St. Rep. 100; Smith v. Vandepeer, 3 Cal. App. 300, 85 Pac. 136.   See also, notes 48 Am. Dec. 744-747; 60 Am. St. Rep. 634; Kauffman v. Foster, 3 Cal. App. 741, 86 Pac. 1108.

In re Trescony's Estate, supra, the Court said: "The decree of distribution was a judicial construction of the will of the decedent, and the determination by the court, as well of the persons who were entitled to his estate, as of the proportions or parts to which

each of those persons were entitled, and was 'concluusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal.' "

The decree of distribution is an instrument by virtue of which heirs receive the property of the deceased. It is the final determination of the rights of the parties to a proceeding, and, upon its entry, their rights are thereafer to be exercised by the terms of the decree. There is another reason why the final decree of distribution in the estates of deceased persons must be held conclusive. Under our probate system, all deraignment of title to the property of deceased persons is through the decree of distribution, entered as a final act in the administraion of an estate, whether testate or intestate. No one will contend that this decree can be made by any other court or in any other proceeding. It constitutes not only the law of the personalty, but also of the real estate. Toland v. Earl, 129 Cal. 148, 61 Pac. 914, 79 Am. St. Rep. 100, supra. A decree of distribution has, in most respects, all the efficacy of a judgment at law or decree in equity. An action may be maintained upon it for noncompliance with its requirements, and there is no greater necessity for a demand before bringing action than exists in case of suit upon an ordinary judgment at law, or before issuing an execution upon a judgment. Melone v. Davis, 67 Cal. 279, 7 Pac. 703. When a decree of distribution has been made the probate court has no longer jurisdiction of the property distributed, and the distributee thenceforth has an action to recover his estate, or, in proper cases, its value. Wheeler v. Bolton, 54 Cal. 302; Mortenson v. Bergthold, 64 Neb. 208, 89 N. W. 742; Bryant, et al. v. McIntosh, 3 Cal. App. 95, 84 Pac. 440. If an executor or administrator had possession of property, his duty is not ended until he has delivered the property in accordance with the decree of distribution. Wheeler v. Bolton, supra; Mortenson v. Bergthold, supra; Bryant, et el. v. McIntosh et al., supra.

In an action against an executor or administrator for failure to obey the final decree, and turn over the property to the party entitled thereto, the judgment is sufficiently supported by proof of the decree of distribution, and the failure of the executor or administrator to pay to the plaintiffs the amount due thereunder. Bryant et al. v. McIntosh et al., supra; Irwin v. Backus, 25 Cal. 214, 85 Am. Dec. 125. Sureties of the deceased executor or administrator are not discharged at his death, with respect to his acts or defaults concerning the estate in his lifetime. 18 Cyc. 1262, and cases cited in

note thereto. The failure or refusal of an administrator to pay over or distribute the estate as required by the decree of distribution is a breach of the bond for which he and his sureties are responsible. 18 Cyc. 1270, and cases cited in note 73.

In an action against the sureties on an administrator's bond, for a breach of the bond by the principal, the proceedings taken in the probate court in passing on an account rendered by the administrator, and the decree rendered therein directing the administrator to pay over a sum found remaining in his hands, are admissible in evidence against the sureties, although the sureties were not parties to the same. Such decree is equally conclusive upon the administrator and his sureties, and, upon the refusal of the administrator to obey the same, the liability of the sureties attaches, and they cannot go behind the decree to inquire into the merits of the matter therein passed on. Joy v. Elton, 9 N. D. 428, 83 N. W. 875; Erwin v. Backus, 25 Cal. 214, 85 Am. Dec. 125; 18 Cyc. 1272, and cases cited. Holden v. Curry et al., 85 Wis. 504, 55 N. W. 965; Jenkins v. State, 76 Md. 255, 23 Atl. 608.

In an action on an administrator's bond, a judgment or decree against the executor or administrator is considered, by the preponderance of authority, as conclusive evidence against the sureties, though they were not parties to the proceeding in which the judgment or decree was rendered. 11 Am. & Eng. Ency. of Law (2d Ed.) 901, and cases cited in note 2. The final decree sued on not being invalid we shall hold that it is conclusive, and imports the same degree of verity as judgments entered by courts of record in this state. It is contended that the order of the county court, made on the 26th day of July, 1902, discharging the administrator, G. R. Gullickson, from his trust, and releasing him and his sureties from all liability thereafter incurred, is a complete defense to this action. A complete answer to this contention is that the said discharge was made ex parte and without notice to the parties interested in said estate. See, however, Pollock v. Cox, 108 Ga. 430, 34 S. E. 213; Bryant et al. v. McIntosh et al., 3 Cal. App. 95, 84 Pac. 440. Respondents strenuously contend that the order by the county court on May 26, 1902, settling the account adjudicated the matters of the payments claimed to have been made between March and May, 1902, and settled the account upon the basis of such payments haing been made, rendering the question of such payments

res judicata. It may be that an order allowing a final account, which final account contains only proper items, is final and conclusive.

In the case at bar the administrator filed a final account on March 8, 1902, which showed a balance of $8,376 in his hands to be distributed to the heirs at law. On May 19, he attached the following addenda to the said final account: "The attached vouchers show that $8,316 have been paid to above heirs since filing the report, leaving a balance of $60 to be divided in like proportions. Corrected 5-19-'02." This last had no place in the final account. The only proper items to be included in the supplementary final account are a statement of the receipts and disbursements since the rendition of the final account, together with an estimate of the expenses of closing the estate. Disbursements, in this connection, mean the payment of claims or expenses of administration. The administrator has no right to pay any money to any of the heirs at law until the final decree of distribution is made, except that, after the lapse of time limited for filing claims, any heir, devisee, or legatee, may present to the county court a petition for the legacy or share of the estate to which he is entitled. Notice must then be given to all parties interested in the estate, and the county court may, on hearing, order all or a portion of his share of the estate assigned to the petitioner. The petitioner must also give a bond conditioned for the payment of his proportion of the debts due from the estate.

The cases cited by the respondents in support their contention that the order allowing the final account is res judicata, do not apply to the facts in this case. Smith v. Hauger, 150 Mo. 437, 51 S. W. 1052, only decides that a judgment of the probate court, finally settling and distributing the estate, discharging the executor without objection from a specific legatee, is a final judgment. In that case the specific legatee stood by and consented to the final settlement and distribution of the estate without demanding his legacy, because of a verbal agreement between himself and the other legatees that they would pay his legacy. A year afterwards, the other legatees not having paid his legacy, he asked the probate court to disregard the final settlement. Held he was estopped.

In Tobelman v. Hildebrandt et al., 72 Cal. 313, 14 Pac. 20, the action was brought by plaintiff against the administrator and his bondsmen after an estate had been settled and closed, alleging that the administrator owed the deceased, in his lifetime, $10,000, on a promissory note which the administrator failed to inventory or ac-

count for in the settlement of the estate. Plaintiff knew of these facts long before the settlement and disribution was made. Held she could not maintain the action. Nearly all the cases cited by respondents are cases where the executor or administrator was sued after the estate was settled or distributed for not collecting all the property of the deceased, or omitting some of it from the inventory, and, in all, the facts differ from the facts in the case at bar.

The complaint alleges and the evidence shows that, before the commencement of this action, demand was made upon the defendants for the payment of the amount herein sued for.

The district court is directed to reverse its judgment, and render a judgment in favor of plaintiff for the amount sued for in this action.

All concur, except MORGAN, C. J., not participating.

### ON PETITION FOR RE-HEARING.

CARMODY, J. In this case the defendants have filed a petition for rehearing, urging, among other points, that the decision of the court filed herein, by necessary implication, holds that an order settling an administrator's account can be collaterally impeached for other than jurisdictional reasons. In this they are mistaken. The final account of the administrator, as filed, and on which the notice of hearing was made, showed, as it should, that there was a balance of $8,376 in his hands for distribution to the heirs. On May 19, 1902, the day to which the hearing was adjourned, the administrator added to the said final account the following: "The attached vouchers show that $8,316 have been paid to above heirs since filing the report, leaving a balance of $60 to be divided in like proportions. Corrected 5-19-'02." For the reason stated in the opinion this last had no place in the final account. On the same day, and afterwards, the county court of Walsh county made its final decree of distribution in this estate, in which it decreed and gave to the heirs $8,376 or $1,396 each, only $10 of which was ever paid to this plaintiff.

Section 8208 of the Revised Codes of 1905, as far as material here provides:

"Upon the final settlement of the accounts of the executor or administrator or at any subsequent time, upon the petition of the executor or administrator, or of any heir, legatee or devisee, the

court must proceed to distribute the residue of the estate in the hands of the executor or administrator among the persons who are by law entitled thereto."

Section 8211 of the same Code, as far as material here, provides: "In the decree the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator or any person having the same in possession."

It is undisputed that the administrator did not obey the final decree, in that he failed to pay to the plaintiff $1,386 of her distributive share, which failure to pay is a violation of the final decree, and a breach of his bond; hence plaintiff can maintain this action, and the court should have directed a verdict in her favor for the said sum of $1,386. The order of the county court settling the final account relieved the administrator and his bondsmen from any subsequent liability to be incurred. The liability to pay the $1,396 was previously incurred, hence by that order the administrator and his bondsmen were not relieved from that liability, and, he having paid plaintiff but $10, the defendants, his bondsmen, are liable to her for the balance of $1,386.

In their answer the defendants set up, as a defense, an order made by the said county court on the 26th day of July, 1902, discharging the administrator, G. R. Gullickson, from his trust, and releasing him and his sureties from all liability thereafter incurred. In the opinion filed in this case, the court says: "A complete answer to this contention is that the said discharge was made ex parte and without notice to the parties interested in said estate." Defendants contend in their petition for rehearing that it was not an ex parte order; that the citation upon which the order allowing the final account was made and the final decree of distribution entered, cited the appellant to show cause why the administration of the said estate should not be closed and the administrator discharged. Section 8196 of the Revised Codes of 1905, as far as material here, provides: "If from any cause the hearing of the account or the petition and distribution be postponed, the order postponing the same to a day certain is notice to all persons interested therein." The citation was returnable on the 26th day of April, 1902, on which day an order was made postponing the hearing to May 19, 1902, on which day the order allowing the final account and the decree of the distribution were made. No further post-

ponement was had; hence the order discharging the administrator and releasing his sureties from liability thereafter incurred made on the 26th day of July, 1902, not being on a day certain to which the hearing was postponed, was made ex parte. The defendants contended that, even if the order was made ex parte, it was valid until it was vacated in a direct proceeding. Admitting this to be true, it does not help the defendants in this action, as the discharge at best only released the administrator and his sureties from any liability to be thereafter incurred, and, as hereinbefore stated, the liability to this plaintiff was incurred prior to that time.

In the original opinion this court says: "The so-called promissory note given by the administrator, Gullickson, to plaintiff's husband, was not a payment. A payment means a payment in money. If paid by promissory note, or anything else than cash, it must be accepted by the payee as payment. In the case at bar the so-called promissory note was not given to the plaintiff, but to her husband; neither she nor her husband knew its contents, and she never accepted it as payment." Defendants, in their petition for rehearing, contended that no claim was made by them that the note referred to was given or received as payment, but that plaintiff could not retain the note and at the same time maintain this action. True, defendants did not claim that the so-called promissory note was given or received as payment, but did and do claim that plaintiff could not retain Gullickson's note and at the same time maintain this action. Plaintiff, the appellant herein, contended in her brief that the note was neither accepted nor received in payment, and this court sustained her contention. Defendants are not in a position to claim that plaintiff cannot retain Gullickson's note, and at the same time maintain this action; plaintiff could neither read nor write the English language, and did not know the contents of the so-called promissory note. Gullickson told her husband, when he handed it to him, that it was a paper to show how much was to come out of the estate; she never at any time waived any of the conditions of the final decree of distribution. The defendants have not in any way been prejudiced by her retaining the so-called note, and do not come within the provisions of section 5380 of the Revised Codes of 1905.

The petition is denied. All concur, except MORGAN, C. J., not participating.