[Civ. No. 312. Fourth Appellate District.—September 17, 1930.]

ELBERTA OIL COMPANY (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF KINGS COUNTY et al., Respondents.

Gallaher & Jertberg for Petitioners.

B. M. Benson and Walter M. Gleason for Respondents.

MARKS, J.—The petitioner Elberta Oil Company is a corporation duly organized and existing under the laws of the state of California, and petitioner M. F. McCormick is an attorney at law duly and regularly licensed to practice in all the courts of the state of California. On March 4, 1929, there was filed in the Superior Court of the State of California, in and for the County of Kings, an action entitled E. A. Russell et al., Plaintiffs, v. T. H. Rougeot et al., Defendants, in which the Elberta Oil Company, a corporation, was named as one of the defendants. It appears in the allegations of this complaint that the plaintiffs were minority stockholders of the Elberta Oil Company. Joined with the corporation as defendants were its officers and members of its board of directors, besides others.

The complaint alleges that the Elberta Oil Company was organized for the purpose of drilling for oil in unproven or "wildcat" territory. It secured a lease on twenty acres of land in San Luis Obispo County, California, and started its operations thereon. After considerable work was done upon the well, it is alleged that an oil sand was discovered, and that the officers and directors of the corporation thereupon suspended the drilling operations and immediately proceeded to buy or lease the adjacent lands for oil drilling purposes. It is further alleged that the fact of an oil sand having been discovered was concealed from the plaintiffs and their associates, and that the directors and officers of the corporation used the knowledge gained from these drilling operations for their own benefit and the benefit of their friends in buying and leasing the adjacent lands, to the exclusion of the plaintiffs and their associates, and the Elberta Oil Company, a corporation. By their action the plaintiffs sought (1) to have the defendants so acquiring or leasing these lands declared trustees for the corporation, (2) that each of these defendants be required to transfer and convey to the Elberta Oil Company all of such property, lands and leases, and (3) that the title to

such property, lands and leases be quieted in the Elberta Oil Company.

A most casual reading of the complaint raises a most serious question as to whether or not it states a cause of action against any of the defendants. However, this question does not seem to have been raised in the court below.

M. F. McCormick filed an answer to this complaint as the attorney for the Elberta Oil Company, its officers and directors and others of the defendants, including the defendant A. L. Nelson. At the same time defendant A. L. Nelson filed a cross-complaint against the plaintiffs and the defendant Elberta Oil Company, a corporation, in which he sought to quiet his title to the real property and leasehold interests described in plaintiffs' complaint. The cross-complaint contained all of the usual allegations contained in a complaint to quiet title. M. F. McCormick appeared as attorney for the cross-complainant.

The plaintiffs made a motion in the court below for an order removing M. F. McCormick as attorney for the defendants and the cross-complainant in the action. This motion was granted by the respondent judge and this proceeding was instituted in this court for the purpose of reviewing this action in so far as it relates to Mr. McCormick appearing for the corporation.

In the record before us it appears that prior to the institution of the action in the court below, the plaintiffs, or some of them, or other minority stockholders of the Elberta Oil Company had instituted three other actions in the superior courts of other counties in which many of the same issues were presented as were set forth in the complaint before us. One action was filed in Fresno County, and after being set for trial, was dismissed. Another action was instituted in San Luis Obispo County. It was partially tried, but for reasons not appearing, no final judgment was entered therein. Another action was filed in Fresno County in which part of the same issues as in the case before us were presented. The action was tried and judgment rendered in favor of the defendants, and an appeal was taken. The plaintiff in that case does not appear as a party in the case before us.

It was stated at the hearing of this proceeding that the cross-complaint was filed in the action in Kings county

for the purpose of preventing the plaintiffs from dismissing the case and so that certain of the defendants might have a final adjudication of the issues involved and have the title to the real property and the leasehold interests in question settled by a final judgment of court.

In granting the motion to remove M. F. McCormick as attorney for the defendants and cross-complainant in this case, the trial judge found as follows:

"The Court, in ruling on this matter, is mindful of the many, many years of practice on the part of said M. F. McCormick, through which time no criticism has ever been raised as to his conduct or practice. The Court is mindful, also, of the situation here involved, and cannot ascribe and does not ascribe, in any manner, any criticism of the ethical procedure of Mr. McCormick in representing the parties defendant in this case. The Court makes no criticism of Mr. McCormick. . . . The Court cannot determine the truth or the falsity of the allegations of the complaint. If true, the Court believes that Mr. McCormick is in an untenable position; if untrue, Mr. McCormick might rightfully represent each and every of these defendants."

After going over the entire record and considering the matter carefully this court agrees with these conclusions of the court below. In reaching the conclusion which we feel is made necessary by the facts of the case, we do not wish to be understood as holding or intimating that Mr. McCormick was guilty of unprofessional conduct.

We feel compelled to decide this proceeding upon the allegations of the cross-complaint in which Mr. McCormick appeared as attorney for the cross-complainant and had already appeared in the action as attorney of record for the cross-defendant, the Elberta Oil Company. Other than demurring to the cross-complaint the corporation might either file a disclaimer, or its answer, or suffer its default to be taken. If an answer or disclaimer were filed, these pleadings would have to be signed by Mr. McCormick for the corporation while he was also the attorney for the cross-complainant.

It is earnestly urged by the petitioners here that the Elberta Oil Company had no interest whatsoever in the property involved in this litigation. It is equally earnestly contended by the plaintiffs in the court below, who were the

minority stockholders of the corporation, that it did have an interest in the real property and leases. Under the particular circumstances of this case we believe that the Elberta Oil Company should have the advice of counsel other than counsel for the cross-complainant in determining whether it should answer or disclaim to or default on the cross-complaint. It may appear that this corporation has no interest whatsoever in the real property or leases in question. If, however, the plaintiffs are able to prove the allegation of their complaint, the contrary might be true. In advance of the trial it is impossible to determine whether the interests of A. L. Nelson and the Elberta Oil Company are adverse. For this reason we have reached the conclusion that the action of the trial judge in question here was proper and should not be set aside by this court.

The following cases furnish us authority for the conclusions we have reached: *Adams* v. *Woods*, 8 Cal. 306; *Valentine* v. *Stewart*, 15 Cal. 387; *De Celis* v. *Brunson*, 53 Cal. 372; *In re Cowdery*, 69 Cal. 32 [58 Am. Rep. 545, 10 Pac. 47]; *Weidekind* v. *Tuolumne County Water Co.*, 74 Cal. 386 [5 Am. St. Rep. 445, 19 Pac. 173]; *Bryant* v. *McIntosh*, 3 Cal. App. 95 [84 Pac. 440]; *People* v. *Rocco*, (Cal. App.) 281 Pac. 443.

Petition denied and writ discharged.

Cary, P. J., and Haines, J., *pro tem.*, concurred.