**In the Matter of the ESTATE of Alice MANIKOWSKE, deceased.**

**Clarence BLADOW, guardian of the Estate of Maurice Manikowske, Petitioner and Appellant,**

**v.**

**Thomas MANIKOWSKE, Martha Manikowske, and Martha Manikowske as the executrix of the Estate of Alice Manikowske, Respondents.**

**No. 8196.**

Supreme Court of North Dakota.

June 29, 1965.

Johnson, Milloy & Eckert, Wahpeton, for petitioner and appellant.

Lewis & Bullis, Wahpeton, for respondents.

TEIGEN, Judge.

This is an appeal from a judgment entered in the district court dismissing an appeal from an order of the County Court of Richland County.

The only question for review is whether or not the county court, after it has rendered a final decree of distribution which has become final, may compel the executrix of the estate to make an account covering a period after the entry of the final decree of distribution and compel delivery of the property.

The final decree of distribution in the estate of Alice Manikowske, deceased, was entered in the county court on October 6, 1953. It decreed, in part, that certain property described therein was assigned to and vested in Maurice Manikowske. Other property was decreed to other distributees but they are not made parties to this proceeding. There has been no contest of the will after probate under Section 30–06–08, N.D.C.C., and no other jurisdictional challenge has been made. The executrix has not filed receipts from heirs and she has not been discharged.

On or about July 1, 1962, almost nine years after entry of the final decree of distribution, the appellant was appointed guardian of the estate of the said Maurice Manikowske, an incompetent person. There was no guardian prior to this appointment. Shortly after the appointment of the appellant as guardian, he petitioned the county court to direct the executrix of the estate of Alice Manikowske deceased, to account for the period after the entry of the final decree of distribution and for an order to compel distribution of Maurice Manikowske's share of the estate to him as guardian and also to return to the county court two insurance policies described in the petition alleged to belong to the said Maurice Manikowske.

The county court issued a notice of hearing on the petition which was served and a hearing was held.

The parties stipulated that the said insurance policies be deposited with the county court and that they could not be withdrawn by either party, except upon order of the county court or the district court. Following the hearing, the county court entered its order. It dismissed the petition praying for an accounting and order to compel delivery on the ground that the court lacked jurisdiction of the subject matter. Premised on the stipulation, it ordered that the insurance policies, deposited with the court, should not be withdrawn, except upon the further order of the county court or the district court.

An appeal was taken from the order of the county court to the district court. Following a trial, the district court dismissed the appeal on the ground and for the reason that there was no proof any property remained in the hands of the executrix belonging to the said Maurice Manikowske and, therefore, held it was proper for the county court to have denied the petition.

Section 30–21–10, N.D.C.C., provides that, in a final decree of distribution, the county court names the persons entitled to share in the estate and the proportionate part to which each shall be entitled. The section then provides:

"* * * Such persons may demand, sue for, and recover their respective shares from the executor or administrator or any person having the same in his possession. * * *"

A final decree of distribution is of equal rank with judgment entered in other

courts of record. Dolphin v. Peterson, 63 N.D. 792, 249 N.W. 784. We have no statute providing for the issuance of an execution to enforce a final decree of distribution. Enforcement of its provisions is provided by Section 30–21–10, supra.

■ In a suit to recover from the legal representative of an estate a share decreed, the final decree of distribution would be used as a basis for the action to recover the property or its value. After a final decree of distribution is entered and there is no contest of the will under Section 30–06–08, N.D.C.C., or other jurisdictional challenge, the county court no longer has jurisdiction of the property described therein. The entry of a final decree of distribution is a final act in the administration of an estate.

"When a decree of distribution has been made the probate court has no longer jurisdiction of the property distributed, and the distributee thenceforth has an action to recover his estate, or, in proper cases, its value. Wheeler v. Bolton, 54 Cal. 302; Mortenson v. Bergthold, 64 Neb. 208, 89 N.W. 742; Bryant et al. v. McIntosh, 3 Cal.App. 95, 84 Pac. 440." Sjoli v. Hogenson, 19 N.D. 82, 122 N.W. 1008.

See also Bancroft's Probate Practice, 2nd Ed., Section 1181.

For the reasons stated herein, we find the county court was right when it held it had lost jurisdiction of the subject matter. The judgment dismissing the appeal is affirmed.

BURKE, C. J. and ERICKSTAD, J., concur.

STRUTZ, J., did not participate.

KNUDSON, J., not being a member of the court at the time of submission of this case, did not participate.