CHARLES N. BELL *vs.* HENRY DANGERFIELD.

December 11, 1879.

**Pleading Title to Real Property.**—Where title to land in a party pleading is essential, and he alleges that he has title, and then proceeds to show how he acquired it, he must state all the facts necessary to vest the title in him.

**Pleading Judgment under which Deed, etc., has been Made.**—Where a judgment is necessary to authorize a certificate of sale and a deed, the judgment must, in pleading, be alleged, although, as evidence, the certificate or deed may, *prima facie,* prove the judgment. It is not sufficient in pleading to allege only the execution of the deed or certificate, or both.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, dismissing the action for insufficiency of the complaint.

*Chas. N. Bell,* for appellant.

*James B. Beals,* for respondent.

GILFILLAN, C. J. Action in partition. Of course the plaintiff cannot maintain the action unless he has some title in the land. The complaint alleges that plaintiff and the defendant are tenants in common—owners in fee simple of the land. This, with a statement of the proportions in which the parties

hold, would be sufficient; but the complaint goes on to show how plaintiff acquired his title, from which it appears that he claims under a deed from the city of St. Paul, in proceedings to enforce an assessment for local improvements. The only things in such proceedings alleged are the deed and the certificate of sale. No sale could be made or deed executed, without out a judgment. There is no allegation of rendition of judgment. From the complaint, then, no authority in the city or its treasurer to execute the deed, or issue the certificate of sale, appears. It may be that, as matter of proof, when on the trial the deed or certificate of sale should be introduced, it would, *prima facie*, establish a judgment; but as a matter of pleading, the allegation of a deed or certificate is not equivalent to, nor does it dispense with, the necessity of an allegation of a judgment authorizing the sale. This complaint, therefore, did not state a cause of action, and the court below was right in dismissing the action.

Order affirmed.