WILSON, Appellant, vs. HOOSER, imp., etc., Respondent.

*September 25 — October 9, 1888.*

*Equity: Action to establish mortgage, etc., as against other claims or liens on land.*

Plaintiff was the holder of a mortgage of land and of certain tax liens thereon. Defendant claimed that the conveyance of the land to the mortgagor was fraudulent, and took possession of the land, claiming to hold it as a creditor of the mortgagor's grantor. *Held,* that the plaintiff might maintain an action under sec. 3186, R. S., to establish his mortgage and liens as against the claim of the defendant.

APPEAL from the Circuit Court for *Grant* County.

The case is sufficiently stated in the opinion. The plaintiff appeals from an order sustaining a demurrer to the complaint.

For the appellant there was a brief by *Bushnell & Watkins,* and oral argument by *A. R. Bushnell.*

For the respondent the cause was submitted on the brief of *A. W. & W. E. Bell.*

ORTON, J. The plaintiff is the assignee of several promissory notes given by one Hunt to Mary C. Pennypacker, the assignor, and of a mortgage upon certain real estate ostensibly owned by Hunt to secure the same, and has redeemed said lands or a portion thereof from certain tax incumbrances, and owns certain certificates of tax sales of the same. In his complaint his interest in said premises is specifically set forth, substantially as above, and he alleges further that the defendant *Jacob Hooser, Sr.,* since he purchased said notes and mortgage and had said tax liens, has gone into possession of said premises, and claims to hold the same as a creditor of one William J. Pennypacker, a prior grantor of said Hunt, who caused said premises to be

conveyed to said Hunt to hinder, delay, and defraud his creditors, with the knowledge of Hunt; and he alleges further that he purchased and became the holder of said notes before due, in good faith, and for a valuable consideration, and without notice of any such fraud, if any there was. The prayer is that the plaintiff's liens and claims be established as against any such claim of said *Hooser*, and that he be barred against having or claiming any right or title in or to said premises adverse to said mortgage and plaintiff's liens thereon, and for other and further relief. The defendant *Hooser* demurred to the complaint (1) because several causes of action have been improperly united; and (2) because the complaint does not state facts sufficient to constitute a cause of action. And the demurrer was sustained, presumably on the last ground, as that is the ground here urged to sustain the order.

This complaint is predicated upon the following clause of sec. 3186, R. S.: "And any person not having such title or possession, but being the owner and holder of any lien or incumbrance on land, shall also have the same right of action as the owner in fee in possession to test the legality and validity of any other claim, lien, or incumbrance on such land, or any part thereof." The contention of the learned counsel of the respondent, as we understand it, is, in short, (1) that this action is unnecessary, as the same remedy could be obtained in a suit for the foreclosure of the mortgage and tax liens. The claim of the defendant is prior and paramount to the mortgage, and cannot be reached by suit in foreclosure. The defendant could not be compelled to litigate such prior title or claim in the suit to foreclose the mortgage. *Roche v. Knight,* 21 Wis. 324; *Iowa Co. v. M. P. R. Co.* 24 Wis. 93; *Banning v. Bradford,* 21 Minn. 308. (2) That ejectment is the proper action to try the title of the defendant or his right to the possession. The possession of the defendant is not sought to be dis-

turbed.   It is sought only to bar his claim, whatever it may be, as against the plaintiff's rights under the mortgage and tax liens, as being prior in time thereto but which ought to be deferred to the plaintiff's rights by reason of his having had no notice thereof before he became the holder of the mortgage and notes before due.   The claim of the defendant is as a mere creditor of Pennypacker, the grantor of the mortgagor.   What kind of interest or claim he may have in the land, as such creditor, we are not informed, and if a motion had been made to make the complaint more definite and certain in this respect it would have been properly granted.   But we must take the complaint as true that the defendant claims to have *some* right or claim as a creditor in the land prior and paramount to the mortgage.   This seems to be just such a case as the statute was made to meet.   (1) The plaintiff has "no *such* title or possession" as is mentioned in the first part of the section.   (2) He is the "owner and holder of a lien or incumbrance upon land."   (3) The defendant has "a claim, lien, or incumbrance (of some sort) on such land."   The language of the statute is, "*any other* claim," etc.   (4) He seeks "to test the legality and validity" of the defendant's claim.   The complaint appears to be substantially sufficient under the statute, and not liable to general demurrer.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.