(96 N. W. Rep. 327.)

------

ROBERT  B.  BLAKEMORE, EXECUTOR,  AND  LAURA  B.  KEDNEY,, EXECUTRIX, *v.* MATILDA M. ROBERTS.

Opinion filed October 14, 1903.

**An Executor or Administrator May Sue to Quiet Title to Real Estate.**

1. An executor or administrator is authorized, under the Revised Codes, to bring an action to quiet title to real estate belonging to a decedent, pending administration of the estate.

**Complaint Setting Forth Several Tax Liens States But One Cause of Action.**

2. A complaint to determine adverse claims under chapter 5, p. 9, Laws 1901, setting forth several tax liens as the basis of plaintiff's interest in the real estate involved in the suit, does not state more than one cause of action.

**Complaint, Statutory Form, Need Not Allege Regularity of Tax Proceedings.**

3. In an action brought under chapter 5, p. 9, Laws 1901, and based on a tax. lien, the complaint need not allege that such tax lien was based on a regular assessment and levy of taxes.

**Statutory Complaint Stating Additional Facts, Not Demurrable.**

    4. The fact that a complaint, under said chapter 5, states facts additional to those necessary, does not render the complaint demurrable, if it appears that all the matters required thereby are stated, and that no other or different cause of action is stated.

**Complaint Sufficient.**

    5. A complaint to determine adverse claims under chapter 5, p. 9, Laws 1901, considered, and *held* not demurrable.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Robert B. Blakemore and others against Matilda M. Roberts. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*J. E. Robinson,* for appellant.

Merely averring that the plaintiffs were the owners and holders of tax certificates does not state a cause of action. *Swenson* v. *Greenland,* 4 N. D. 532, 62 N. W. Rep. 603; *Ball* v. *Dangerfield,* 26 Minn. 307, 3 N. W. Rep. 698; 2 Blackwell on Tax Titles (5th. Ed.) sections 1089-1091.

The owner and holder of a mere tax certificate has no right to bring an action to quiet his title or claim to land. *Boardman* v. *Boozewinkel,* 121 Mich. 320, 80 N. W. Rep. 37.

The plaintiffs have no legal capacity to sue. Their appointment as executors does not transfer to them title to the real property of their testator. It descends to his heirs or devisees, not to his executors. The heir only can maintain an action based on the tax certificate. *Rice* v. *White,* 8 Ohio 216; Revised Codes, section 6466; *Flood, Admr.* v. *Pilgrim,* 32 Wis. 376.

*Newman, Spalding & Stambaugh,* for respondents.

Decedent had the right to rents and profits of the land in suit at the time of his death. The tax certificate vested in him the entire beneficial interest in such lands including such rents and profits, and the possession, and he was the equitable owner of the property provided his certificates were valid. This title descended to his heirs subject to the right of possession of his executors, who could maintain an action for possession in the same courts that were open to their testator. Rev. Codes, section 6461, The only question is the sufficiency of the complaint.

The plaintiffs must allege and prove that certificates were issued and more than three years had elapsed since the tax sale. The allegation that such certificates were issued is equivalent to an allegation of all the facts that led up to the issuance of them. *Hibernia S. & L. Soc.* v. *Ordway,* 38 Cal. 679; *Durbin* v. *Plato,* 47 Wis. 484.

The tax certificate is *prima facie* evidence of the validity of the sale, and all facts tending to show their invalidity are matters of defense. The certificate showing a complete case, plaintiff would be entitled to judgment for possession upon default.

The complaint is the statutory form prescribed by chapter 5, Laws of 1901. It cannot be held demurrable as long as it contains the statutory allegations therein provided. The allegations of sale and delivery of the certificates would be simply irrelevant and redundant, to be attacked on motion.

The objection that causes of action are not properly united, cannot be sustained. The relief sought is possession of the premises. If the allegations regarding the certificates are true, plaintiffs are entitled to judgment for possession whether the right rests upon one or more of such certificates. They are not separate causes of action, and if they were, should be attacked by motion, not demurrer.

MORGAN, J. The complaint in this case states the following facts, after proper allegations as to the death of Louis A. Kedney and the appointment of the plaintiffs as the executors of his last will, viz.: (1) That in his lifetime, and in the year 1891, said Kedney purchased the following described premises, to wit: * * * at the sale for delinquent taxes of the years 1889 and 1890, and that a certificate of such purchase and sale was thereupon made and delivered to him by the auditor of Cass county; (2) that said Kedney purchased said lots in the years 1893 and 1894 at the sale for delinquent taxes held for those years, and that said auditor made and delivered to him certificates of such purchases; (3) that no tax deeds have been issued upon either of said certificates, and that plaintiffs are owners and holders of such certificates of sale; (4) that plaintiffs have a lien or incumbrance upon said premises by reason of said certificates of tax sale; (5) that the defendant claims certain estates in and liens upon said premises adverse to the plaintiffs. The relief prayed for is that defendant be required to set forth her adverse claims, and that the same be

adjudged void; (2) that title be quieted as to such claims, and the defendant barred and enjoined from further asserting them; (3) that plaintiffs recover possession of the premises; and (4) general relief, with costs and disbursements.

The defendant demurred to the complaint on the grounds: (1) That plaintiffs have not legal capacity to sue; (2) that several causes of action have been improperly united; (3) that the complaint does not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer, and defendant appeals from the order overruling the demurrer.

The objection to the complaint principally relied on by the appellant is that no facts are alleged showing that the lien on which the action is based is a valid one, and based on valid and regular tax proceedings as to assessment and levy. The statute under which the complaint is framed is chapter 5, p. 9, Laws 1901. That law prescribes a form that may be used in actions to determine adverse claims, and this complaint contains every allegation required by that law to be stated in such an action, and is in fact a full and almost literal compliance with that law so far as the allegations are prescribed by the same. The statute having prescribed a form of complaint in an action to determine adverse claims, and plaintiffs having a complaint fully meeting the requirements of that statute, we hold it not subject to demurrer. It is well settled that the legislature has the power to prescribe forms of complaints, and, having done so, such complaints will be held good if the statutory requirements are complied with, although such prescribed form may not comply with common law rules of pleading.

It is urged that the complaint is not framed under chapter 5, p. 9, Laws 1901, for the reason that it alleges that the lien relied on is a tax lien. The contention is that plaintiffs have set forth more facts than are required by law, and are therefore not within its provisions. We see no force in the contention. The fact that the complaint alleges that the lien relied on is held "by reason of each of said certificates of tax sale" is not sufficient to warrant us in holding that a cause of action to determine adverse claims is not pleaded, in view of all the other allegations of the complaint. These additional words do not make the complaint other or different than a complaint under chapter 5, Id. The allegations show a cause of action based on a lien. *Wilson* v. *Hooser,* 72 Wis. 420, 39 N. W. 772. If the complaint showed on its face that the lien pleaded is

an invalid one, the rule would be different. The fact that more facts are pleaded than necessary under the statute does not render the complaint demurrable if the required facts are stated and no other or different cause of action is stated. We find no warrant for holding that the plaintiffs have waived the statutory form of complaint or elected to plead another. The defendant relies on the case of *Swenson* v. *Greenland,* 4 N. D. 532, 62 N. W. 603. That case is not applicable to this one. This complaint is authorized and its form prescribed by statute. It is therefore excepted from the principles applied in that case to an action for the foreclosure of a tax lien. The case of *Walton* v. *Perkins,* 28 Minn. 413, 10 N. W. 424, is also claimed to be in point. But we do not so understand it. In that case the complaint was defective as a complaint in an equitable action to cancel a mortgage which was a cloud upon a title to land. The court refused to sustain the complaint as sufficient under the statute which provided for settlement of adverse claims. The case of *Bell* v. *Dangerfield,* 26 Minn. 307, 3 N. W. 698, is also relied on to support appellant's contention on this point. That was a case in which the general rules of pleading applied. In this case the statute provides what the complaint shall state. The case is not therefore in point.

The next objection urged against the complaint is that several causes of action are therein improperly united. The contention is that a cause of action is stated as to the lien derived from the sale during each of the years mentioned in the complaint. The liens mentioned in the complaint, do not constitute a cause of action. The cause of action is that defendant claims an interest in the lots adverse to plaintiffs' interest therein as represented by the several tax liens. The relief sought is that the defendant be required to set forth those adverse claims, and that they be declared invalid by the court, and that plaintiffs have possession of the lots. No different relief is sought or can be granted than would follow if one lien only had been pleaded. The facts stated in the complaint do not state more than one cause of action.

The last objection urged to the complaint is that the plaintiffs have not legal capacity to sue, that the action pertains to real property, and that executors have no authority to bring such actions, but that such actions can be brought only by the heirs. The powers and duties of executors and administrators are prescribed by statute, and, unless such actions are authorized to be brought and maintained

by executors or administrators, the demurrer must be well taken. Sec-6372, Rev. Codes 1899, provides as follows: "The executor or administrator is entitled to possession of all the real and personal property of the decedent except the homestead and other exempt property reserved by law to the surviving husband or wife or chil·dren; and must protect the real property from waste or other injury and collect the rents and profits thereof until ordered to surrender the same, and collect the goods, chattels and others effects of the decedent and the debts and demands of every description due to the decedent or accruing. to the estate in his right, and safely keep and dispose of the same according to law." Under section 6380, Id., the executor or administrator is required to make and return to the county court a true inventory and appraisement of all the real and personal property of the decedent. Section 6460 provides as follows: "The heirs or devisees may themselves or jointly with the executor or administrator maintain an action for the possession of the real estate or for the purpose of quieting title to the same against any one except the executor or administrator. For the pur·pose of bringing suits to quiet title or for partition of such estate the possession of the executor or administrator is the possession of the heirs or devisees. Such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator for the purposes of administration as provided in this Code." Section 6461 provides that: "Except as otherwise prescribed in the next section, action for the recovery of any property real or personal, or for the possession thereof and all actions founded upon contracts may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators or intestates." Under the foregoing provisions of the Code the executor is entitled to the possession of all the real and personal property of the testator that the decedent would have been entitled to if alive. These representatives may bring and maintain any action for the recovery of the possesion of any real property the possession of which might have been obtained by the decedent in his lifetime. The entire assets of the estate, except those mentioned in section 6372, *supra,* pass into the possession of the executor or administrator, to be held for the use of the estate, and finally to be distributed to the heirs or devisees under the order of the county court. These sections of the Code changed entirely the common-law rule governing the pos-

session and control of real property pending administration. Under the common law the heir or devisee has sole control of the real estate, as the same was not subject to the payment of debts or the expenses of administration under any circumstances. *Meeks* v. *Hahn,* 20 Cal. 620. The statute of California prescribing the powers and duties of executors and administrators is practically the same as that of our own state, mentioned above. The Supreme Court of California has frequently construed these sections and defined the powers and duties of administrators and executors respecting real property of deceased persons pending the administration of the estate. In *Beckett* v. *Selover,* 7 Cal. 238, 68 Am. Dec. 237, the court said "that both real and personal estate of an intestate vest in the heir, subject to the lien of the administrator for the payment of debts and the expense of administration, and with the right in the administrator of present possession." In *Meeks* v. *Hahn, supra,* it was said that: "By the express terms of the statute for the settlement of the estates of deceased persons, the administrator has the right to the possession of the real and personal property of the intestate, and to receive the rents and profits of the real property until the estate is settled or delivered over to the heirs by order of the probate court. He is, besides, required to take possession of all the estate, real and personal, and is authorized to maintain actions for such possession in all cases where his intestate might have maintained such actions. And though by the statute concerning descents and distributions it is also provided that the estate of an intestate shall descend to the heirs, subject to the payment of his debts, yet this provision must be read in connection with the clauses of the other statute to which we have referred, which place the right of present possession in the administrator." Have the plaintiffs the right to maintain this action as an action to quiet title by the determination of adverse claims? Chapter 5, p. 9, Laws 1901, provides that: "An action may be maintained by any person having an estate or an interest in or lien or incumbrance upon real property whether in or out of possession thereof, and whether said property is vacant or unoccupied against any person claiming an estate or interest in or lien or incumbrance upon the same for the purpose of determining such adverse estate, interest, lien or incumbrance." The plaintiffs' testator had a lien upon the property described in the complaint by virtue of having purchased at a tax sale of said premises, and by virtue of having received a

certificate of sale at such sale, and which said certificate was in his possession and held by him three years prior to his death. This lien passed to the executors upon the testator's death, and his executors became vested with all rights of action by virtue of such certificate which were possessed by Louis A. Kedney prior to his death. Section 6460, *supra,* chapter 5, of the Laws of 1901, *supra,* gives any person having a lien upon property a right to maintain an action to determine adverse claims against the same. If Louis A. Kedney were alive, this action could be maintained by him. Under the statute this right of action goes to the executors; the lien given by virtue of the certificate of sale is the foundation of the action to determine adverse claims and quiet title as against them. It is true, such a lien would not support an action to determine adverse claims under statutory provisions existing before the statute of 1901. But this statute specifically gives the right to base such an action upon the lien or incumbrance. The right of an executor or administrator to maintain such an action has been held in California under similar statutes. In *Pennie* v. *Hildreth,* 81 Cal. 127, 22 Pac. 398, it was said: "We are not inclined to give it (the statute) this broad construction, but it is clearly not necessary that he (the administrator) have title to the property. If he has the right to the possession, and another is claiming an estate or interest adverse to such right, he may maintain an action. The language of the Code is broad enough to cover every interest or estate in lands of which the law takes cognizance. *Pierce* v. *Felter,* 53 Cal. 18; *Stoddart* v. *Burge,* Id. 398; *Smith* v. *Brannan,* 13 Cal. 107; *Liebrand* v. *Otto,* 56 Cal. 247. An administrator has an interest in the decedent's real estate within the meaning of this statute, and if another is asserting a claim adversely to such interest he may maintain an action." See, also, *Curtis* v. *Sutter,* 15 Cal. 259.

Counsel relies on section 6460, *supra,* as sustaining his contention that plaintiffs cannot maintain this action. The heirs may maintain such an action, but not as against the possession of the administrator or executor. The possession of the real estate goes to the administrator or executor, pending administration, and the heirs cannot disturb such possession of the personal representatives, nor maintain an action to secure such possession as against them. The administrator or executor may maintain an action for the possession of real estate as against the heirs or devisees, pending administration. Under said section the heirs may themselves recover posses-

sion of real estate against third persons, but not against the personal representatives. *Page* v. *Tucker,* 54 Cal. 121. Statutes relating to the powers of administrators and executors, similar to ours, have been construed in the states of Washington and Montana. It is there held that administrators and executors may maintain actions to quiet title and for possession of decedent's lands while administration of the estate is pending, and that such actions are not maintainable by the heirs as against administrators or executors. *Hazelton* v. *Bogardus,* 8 Wash. 102, 35 Pac. 602; *In re Higgins' Estate,* 15 Mont. 474, 39 Pac. 506, 28 L. R. A. 116; *Black* v. *Story,* 7 Mont. 238, 14 Pac. 703.

The order appealed from is affirmed, and leave granted defendant to answer, within ten days from the filing of the remittitur, on the terms named in the order of the district court overruling the demurrer.