WILLIAM O. HONSINGER v. ELSIE M. STEWART, Grace L. Knapp, Pauline G. Honsinger, McKenzie B. Stewart as the administrator of the Estate of Willis T. Honsinger, deceased, the Travelers Insurance Company, a Corporation, the Northern Trust Company, a Corporation, R. B. Carter, Fred W. Lohr, and the Merchants National Bank of Fargo, a Corporation, and All Other Persons Known and Unknown Having or Claiming to Have Any Right, Title, Lien, Claim or Demand in and to the Premises Set Forth in the Complaint Herein.

(159 N. W. 12.)

State Constitution — heir — suit for partition — other heirs and administration — against — cannot maintain — in district court — jurisdiction — county court taken — after — probate purposes — before final decree.

1. Under the provisions of § 111 of the Constitution of North Dakota, and §§ 8524, 8707, 8730, 8733, and 8797, of the Compiled Laws of 1913, an heir cannot

34 N. D.—33.

maintain a suit for partition against the other heirs and the administrator of an estate in the district court, after the county court has assumed jurisdiction to probate and administer the same, and has appointed an administrator for that purpose, and before a final decree of distribution has been made in the county court.

**Partition — action in — brought in name of heirs alone — or jointly with administrator — statute — confers no right of hostile action — administrator — against.**

2. Section 8797 of the Compiled Laws of 1913, which provides that actions in partition may be brought in the name of the heirs alone, or by the heirs and administrator jointly, confers no right to maintain an action which is hostile to the rights of such administrator.

Opinion filed July 25, 1916.

Appeal from the District Court of Cass County. *Pollock,* J. Action in partition.

Judgment for defendants. Plaintiff appeals.

Affirmed.

*M. A. Hildreth,* for appellant.

The law permits heirs or devisees of the decedent, whether in or out of possession, to maintain an action to quiet title to the real estate of the decedent against anyone except the administrator or executor. Comp. Laws 1913, §§ 8707, 8798.

The question of jurisidiction cannot be raised in connection with some other question, and then the party permitted to contend that the court did not have jurisdiction. Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095.

A county court is not a court of final jurisdiction. It is subordinate to the district court. Comp. Laws 1913, § 7404; 3 Kerr's Cyc. Codes Cal. § 759; Ryer Co. v. Fletcher Ryer Co. 126 Cal. 482, 58 Pac. 908.

"For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executor or administrator is the possession of the heirs." Cal. Code, § 1581; Probate Code, § 8159; Grant v. Murphy, 116 Cal. 432, 58 Am. St. Rep. 188, 48 Pac. 481; Poulter v. Poulter, 193 Ill. 641, 61 N. E. 1056; 7 Prob. Rep. Anno. 220; Smith v. Smith, 132 Iowa, 700, 119 Am. St. Rep. 581, 109 N. W. 194.

*Pierce, Tenneson & Cupler,* for respondents.

Before the final decree is entered in county court, none of their heirs.

may maintain any action against the administrator, or other heirs, which may tend to infringe upon or disturb the jurisdiction of the county court. Const. § 111; Comp. Laws 1913, §§ 8524, 8707, 8708, 8714, 8730, 8734, 8764–8791, 8797, 8841, 8844, 8846, 8849, 8854–8860; Blakemore v. Roberts, 12 N. D. 399, 96 N. W. 1029; Beckett v. Selover, 7 Cal. 238, 68 Am. Dec. 237; Page v. Tucker, 54 Cal. 121; Hazelton v. Bogardus, 8 Wash. 102, 35 Pac. 602; Re Higgins, 15 Mont. 474, 28 L.R.A. 116, 39 Pac. 506; Black v. Story, 7 Mont. 238, 14 Pac. 703; Lowery v. Hawker, 22 N. D. 323, 37 L.R.A.(N.S.) 1143, 133 N. W. 918; Re Barker, 5 Wash. 390, 31 Pac. 976; Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008.

"The decree of distribution is an instrument by virtue of which heirs receive the property of the deceased. It is the final determination of the rights of the parties to a proceeding, and upon its entry their rights are thereafter to be exercised by the terms of the decree. The final decree of distribution is conclusive. Under our probate system, all deraignment of title to the property of the deceased persons is through the decree of distribution, entered as the final act in the administration of an estate. Sjoli v. Hogenson, 19 N. D. 92, 122 N. W. 1008; Johnson v. Rutherford, 28 N. D. 87, 147 N. W. 390; Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431; Shane v. Peoples, 25 N. D. 188, 141 N. W. 737; Hazelton v. Bogardus, 8 Wash. 102, 35 Pac. 602; Page v. Tucker, 54 Cal. 121; Thomas v. Thomas, 73 Iowa, 657, 35 N. W. 693; Subera v. Jones, 20 S. D. 628, 108 N. W. 26; Kelsey v. Welch, 8 S. D. 255, 66 N. W. 390; Adams v. Beideman, 33 N. J. Eq. 79; Ryer v. Fletcher Ryer Co. 126 Cal. 482, 58 Pac. 908.

The "partition of the estate" evidently refers to suits brought by the heirs or devisees. The possession of the administrator does not devest the heir or devisee of the fee. His possession is for the heirs or devisees who are the owners and seised in fee, subject to the temporary right of the administrator to the possession, and subject to the defined statutory powers and authority of sale given to the administrator. Code, § 8797; Ryer v. Fletcher Ryer Co. 126 Cal. 482, 58 Pac. 908; Grant v. Murphy, 116 Cal. 432, 58 Am. St. Rep. 188, 48 Pac. 481; Smith v. Smith, 132 Iowa, 700, 119 Am. St. Rep. 581, 109 N. W. 194; Adams v. Petrain, 11 Or. 304, 3 Pac. 163; Gatch v. Simpson, 40 Or. 90, 66 Pac.

688; Rutenic v. Hamaker, 40 Or. 444, 67 Pac. 196; 18 Cyc. 1277–1280; Dow v. Lillie, 26 N. D. 512, L.R.A.1915D, 754, 144 N. W. 1082.

Such objections as are here taken were properly taken by demurrer. Had defendants failed to demur, these objections would have been waived, excepting only the questions of jurisdiction, and that the complaint fails to state facts to constitute a cause of action. Comp. Laws 1913, § 7447; James River Nat. Bank v. Purchase, 9 N. D. 280, 83 N. W. 7.

Bruce, J. This is an appeal from an order sustaining a demurrer to a complaint, and from the judgment entered in favor of the defendants, the plaintiff declining to plead over.

The action is one for a partition of the lands of a deceased person among his heirs, for an adjudication of the various interests therein, and for a sale of the land in the event that partition cannot be made, and for general equitable relief. It is brought by one of the heirs, William O. Honsinger, and against the remaining heirs, the administrator, certain mortgagees; namely, the Travelers Insurance Company, R. B. Carter, the Merchants Bank of Fargo, the Northern Trust Company, and an attaching creditor, Fred W. Lohr. It is brought, however, in the district court and before any final decree of distribution has been entered in the probate or county court.

The demurrer is joined in by all of the defendants except the attaching creditor, Lohr, and raises the objections:

(1) That the court has no jurisdiction of the persons of the said defendants.

(2) That the court has no jurisdiction of the subject matter of the action.

(3) That the complaint does not state facts sufficient to constitute a cause of action.

The main question for decision is whether an heir can maintain a suit for partition against the other heirs and the administrator in the district court, after the county court has assumed jurisdiction to probate and administer the estate, and has appointed an administrator for that purpose, and before a final decree of distribution has been made by the county court. We are satisfied that he cannot.

Under the Constitution and Code of North Dakota, "the entire assets of the estate, except those mentioned in § 6372, Revised Codes, 1905, §

8707, Comp. Laws 1913 pass into the possession of the executor or administrator, to be held for the use of the estate, and finally to be distributed to the heirs or devisees under the order of the county court. These sections of the Code changed entirely the common-law rule governing the possession and control of real property pending administration." Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029.

Section 111 of the Constitution of North Dakota gives to the county court "exclusive original jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, the sale of lands by executors, administrators and guardians, and such other probate jurisdiction as may be conferred by law."

Following this constitutional provision is § 8524 of the Compiled Laws of 1913, which provides that "the county court has original jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, the sale of lands by executors, administrators and guardians, and such other probate jurisdiction as may be conferred by law."

Following this is § 8707, Compiled Laws of 1913 which provides that "the executor or administrator is entitled to possession of all the real and personal property of the decedent except the homestead and other exempt property reserved by law to the surviving husband or wife; . . . and must protect the real property from waste or other injury and collect the rents and profits thereof until ordered to surrender the same, and collect the goods, chattels and other effects of the decedent and the debts and demands of every description due to the decedent or accruing to the estate in his right, and safely keep and dispose of the same according to law."

Section 8730 of the Compiled Laws of 1913 provide that "all the property of the decedent except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children shall be chargeable with the payment of the debts of the deceased, the expenses of administration and the allowance to the family, and the property, personal and real, may be sold as the court may direct in the manner hereinafter prescribed. There shall

be no priority as between personal and real property for the above purposes."

Section 8733 provides that "the estate real and personal given by will to legatees or devisees is liable for the debts, expenses of administration and allowance to the family in proportion to the value or amount of the several devises or legacies, but specific devises or legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator and there is other sufficient estate."

It is apparent from the above provisions that to allow the district court to entertain an action for the partition of the real estate among the heirs before the decree of final distribution would materially interfere with the exclusive jurisdiction and control which has been given both by the Constitution and the statute to the county court. "The entire assets of the estate, except those mentioned in § 6372 Rev. Codes 1895, § 8707, Comp. Laws 1913, pass into the possession of the executor or administrator to be held for the use of the estate and finally to be distributed to the heirs or devisees under the order of the county court," and this is both for the protection of the heirs and devisees and of the creditors as well as for the purpose of securing the payment of the costs of administration. See Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029.

There may be decisions to the contrary, but they are decisions under Codes and constitutional provisions which are dissimilar to our own, and which adhere to the common-law theory that the heir or devisee has sole control of the real estate, and that such real estate is not subject to the payment of debts or the expenses of administration. Ibid.; Meeks v. Hahn, 20 Cal. 621; Re Barker, 5 Wash. 390, 31 Pac. 976; Lowery v. Hawker, 22 N. D. 318, 37 L.R.A.(N.S.) 1143, 133 N. W. 918.

Before the final decree of distribution, the title of an heir is not such as will support an action of partition as against the administrator and the other heirs. Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008; Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431; Hazelton v. Bogardus, 8 Wash. 102, 35 Pac. 605; Page v. Tucker, 54 Cal. 122; Thomas v. Thomas, 73 Iowa, 657, 35 N. W. 693; Adams v. Beideman, 33 N. J. Eq. 79.

The cases cited by counsel for appellant are not in point. Ryer v. Fletcher Ryer Co. 126 Cal. 482, 58 Pac. 908, was a suit commenced by an administrator against a person who, at the death of the decedent, owned the land in common with the decedent. It was not an action to partition the land among the heirs, but rather a suit by an administrator to recover property of the decedent from one not an heir and for the benefit of the heirs and of the estate. The case of Grant v. Murphy, 116 Cal. 432, 58 Am. St. Rep. 188, 48 Pac. 481, was a controversy between rival estates and, like the preceding case, it was one ultimately to decide what property belonged to the estate and what did not. The cases of Smith v. Smith, 132 Iowa, 700, 119 Am. St. Rep. 581, 109 N. W. 194, and Poulter v. Poulter, 193 Ill. 641, 61 N. E. 1056, were handed down in states having different constitutional provisions from our own.

The only section of our Code indeed which seems to furnish any support for the position of the appellants is § 8797 of the Compiled Laws of 1913, which is § 6460 of the Revised Codes of 1899, and which provides that "the heirs or devisees may themselves or jointly with the executor or administrator maintain an action for the possession of the real estate or for the purpose of quieting title to the same against anyone except the executor or administrator. For the purpose of bringing suits to quiet title or for partition of such estate the possession of the executor or administrator is the possession of the heirs or devisees. Such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator for the purposes of administration as provided in this Code."

It is clear, however, that the right of action in the heirs, which is conferred by this section, is subject to the right of possession of the administrator, and confers no right to maintain an action which is hostile to him. Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029.

Nor is there any merit in appellant's contention that the demurrer amounted to a general appearance, and therefore conferred jurisdiction upon the district court in this suit. The demurrer asked for no relief except the dismissal of the action and costs. Section 7442 expressly provides that the points may be raised by demurrer; "that the court has no jurisdiction of the person of the defendant or the subject of the action." It is true that the demurrer also alleges that the complaint

doęs not state facts sufficient to constitute a cause of action, and it is possible that this allegation may have given the district court jurisdiction of the persons of the defendants. It did not, and could not, however, give the district court jurisdiction of the subject matter, and it is the jurisdiction of the subject matter which is, after all, the matter which is involved in this case.

The judgment of the District Court is affirmed.