## M. A. HILDRETH, Respondent, v. WILLIAM O. HONSINGER, Appellant.

(171 N. W. 332.)

**Attorney and client — attorney's fees — when client obstructs sale of land from which fees are to be paid, attorney is entitled to reasonable compensation.**

1. In an action brought for the recovery of reasonable attorneys' fees earned in conducting litigation for the defendant, and for necessary expenses incurred therein, the evidence is examined and *held* to support the verdict.

**Attorney and client — where attorney is to be paid from proceeds of sale of land, relationship is one of mutual confidence.**

2. Where an attorney is employed to institute partition proceedings for a client, and it is agreed that he is to be compensated and reimbursed out of the proceeds of a sale of the real property to be partitioned, the relationship established between the attorney and client is one of mutual confidence; and where the client, without communicating with his attorney, obstructs the

progress of the proceedings, the attorney is entitled to reasonable compensation for his services rendered and to reimbursement of his expenses.

Opinion filed January 31, 1919.

Appeal from order of District Court of Cass County, *Cole, J.,* denying a motion for judgment *non obstante veredicto* or for a new trial.

Affirmed.

*Fowler & Green,* for appellant.

Where there is an agreement for a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recover for his services, and the precise event which was contemplated must happen. 4 Cyc. 991; Freerks v. Nurnberg, 33 N. D. 587; Cotzhausen v. Central Trust Co. (Wis.) 49 N. W. 158.

*M. A. Hildreth in propria persona* and *M. D. Hildreth (Carmody, Louden, & Mulready,* of counsel) for respondent.

Appellant having violated such alleged contract, and prevented the respondent from collecting his compensations and disbursements out of the proceeds of sale of the real estate hereinbefore mentioned, appellant was personally liable to respondent for such fees and disbursements. Snyder v. Snyder, 14 L.R.A.(N.S.) 1101; Winslow v. Murphy, 45 L.R.A.(N.S.) 750; Hazeltine v. Brockway, 57 Pac. 1077; 6 C. J. 740.

BIRDZELL, J. This is an appeal from an order of the district court of Cass county denying appellant's motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, and also from a judgment in favor of the plaintiff for $541.16.

The action is one for the recovery of reasonable attorney's fees and for expenditures in connection with partition suits instituted by the plaintiff for the defendant; also for services rendered in certain proceedings in the county court of Cass county looking toward the sale of the same real estate in probate court.

The only question involved upon this appeal is the sufficiency of the evidence to support the verdict and judgment. The evidence of the arrangement between the plaintiff and the defendant is contained

in correspondence passing between the plaintiff and the defendant's attorneys, Agnew & Agnew, of Plattsburg, New York. As this correspondence is interpreted by the appellant, there was an express contract between the plaintiff and the defendant whereby the former was to depend for his disbursements and fees wholly upon the success of the litigation; that is, such expenses and fees were, it is contended, to be only such as would be allowed by the court in the partition proceedings.

The respondent, on the other hand, contends that the arrangement did not contemplate that he should not be compensated if a partition was not had; and that, in any event, the defendant is liable by reason of having voluntarily thwarted the efforts of the plaintiff in conducting the litigation on his behalf.

It appears from the correspondence introduced in evidence that on November 17th, Agnew & Agnew introduced the negotiations with the plaintiff by inquiring as to the interest a widow takes in her deceased husband's real estate under the laws of this state, where the deceased is survived by a widow and adult children. After receiving correct advice on this subject from the plaintiff, Agnew & Agnew wrote the plaintiff to the effect that they represented one of the heirs (the defendant) of Willis T. Honsinger, who desired to commence an action in partition, and who also desired to know whether or not the costs of the partition would be paid out of the proceeds of the sale, and what it would cost him in any event, if the plaintiff were requested to commence such action. It was also stated that the heirs were not in harmony, and that one, W. B. Stewart, a brother-in-law of the plaintiff, had left New York for North Dakota a few days previous to the letter. To this letter the plaintiff replied fully, calling attention to the sections of the statute in which provision is made for paying the general costs of the action, including counsel fees, out of the proceeds of the sale. Immediately following this letter, and on December 1, 1915, plaintiff again wrote Agnew & Agnew, advising them of the publication of a citation in probate proceedings which were apparently being instituted by the other heirs, and further advising with reference to the rights of the survivors in the appointment of an administrator. Upon receipt of this adequate advice, defendant's attorneys again wrote the plaintiff (December 6th), stating that they had taken

up the matter with their client, and that he wished the partition pro-
ceedings instituted and closed as soon as they could be; also that he
did not care to bother with the administrator appointment "for cer-
tain reasons." They also indicated that the client declined to for-
ward a retainer fee which had been requested, owing to the fact that
fees in such matters are secured out of the proceeds of the sale. Still
later, defendant's attorneys suggested that the partition suits should
not be commenced until after the appointment of an administrator on
January 6, 1916. Plaintiff, in the meantime, after being advised that
the defendant did not possess abstracts of the lands to be partitioned
nor correct descriptions of the same, had procured abstracts to be made
at his own expense, and made all arrangements to begin the partition
suits in Cass and Griggs counties, where the lands were situated, ad-
vising defendant's attorneys of all the steps taken by him. After the
beginning of the partition suits a demurrer was filed in the district
court of Cass county and sustained by that court. Plaintiff perfected
an appeal from the order sustaining the demurrer, and this court, in
Honsinger v. Stewart, 34 N. D. 513, 159 N. W. 12, affirmed the order.
Pending the appeal in the partition suit, there was an application to
the judge of the probate court of Cass county for the sale of the same
real estate in the administration proceedings, the plaintiff appearing
therein to object to the sale, at every step advising defendant's at-
torneys as to his action, even suggesting to them as follows: "If our
client is in a hurry to have the matter determined through the pro-
bate court, I suppose we might stipulate to abandon our suit and the
appeal, and if my disbursements were paid with a reasonable sum for
the service I have rendered up to the present time, and I am author-
ized to enter into a stipulation of that kind, we might facilitate the
sale in the probate court. What I fear is a sale below the value of
the lands." In reply to this letter, defendant's attorneys advised the
plaintiff that their client did not desire to interfere or suggest the
course that he should take, and that he was not disposed to do otherwise
than was determined at the outset. They also indicated that Hollister,
who had been an agent for Honsinger, deceased, was hostile to their
client, the defendant, and that their client was suspicious of any prop-
osition for a private sale. Throughout the subsequent correspondence,
it appears that the attitude of the defendant was one of suspicion di-

rected toward the other heirs, and particularly at his brother-in-law, Stewart, and Hollister, who appeared to action for them; also that he objected to any sale other than a public sale. But yet it appears that, at the same time, the defendant was negotiating with Hollister for the sale of the land, having begun as early as January, 1916, and that the defendant actually signed a deed on November 15, 1916, deeding his lands in Cass county to a purchaser procured at private sale. After this date, the plaintiff, still representing the interests of the defendant, of which he advised defendant's attorneys, in an appeal to the district court from an order of the probate court directing a sale of the lands, arranged for the trial of the matter in the district court. It was not until about the time this appeal was tried that the defendant's negotiations with the party supposedly adverse to him were made known to the plaintiff.

While it is true that, in a power of attorney given, and throughout the correspondence, the plaintiff indicated that he would not become personally bound for the payment of expenses and fees, it is also true that he manifested a strong disinclination to yield to any proceedings looking toward a private sale, and that he, in fact, looked with disfavor upon any proposition that was apparently satisfactory to the other heirs and their agent, Hollister. It is also apparent that he did not act with that degree of fairness and good faith toward the plaintiff which would be expected from one in whose behalf litigation was being conducted upon a contingent basis. Moreover, it appears that the success of the plaintiff's efforts to prevent a private sale were thwarted by the action of the defendant himself, whose negotiations with Hollister were introduced in evidence in the district court on the trial of the appeal from the order of the probate court; and even more than this, it appears that the defendant has availed himself of the opportunity afforded by the pendency of the litigation to make a sale on more advantageous terms than he felt could or would have been made had he remained passive. Having adopted the plaintiff's services to this extent, we feel that he, in equity and good conscience, is obliged to pay the plaintiff the reasonable value thereof and to reimburse him for the necessary expenses incurred. There is no contention that the judgment is excessive; and the finding of the jury in favor of the plaintiff being warranted by the whole evidence, as we

view it, no error was committed in denying the motion appealed from or in entering the judgment.

The judgment is affirmed.