[File No. 6175.]

JENSINA DOLPHIN, Appellant, v. LEWIS N. PETERSON, Respondent.

(249 N. W. 784.)

Opinion filed August 1, 1933.  Rehearing denied August 15, 1933.

L. J. Palda, Jr., C. E. Brace, and Robert W. Palda, for appellant.

*Hanson & Hanson,* for respondent.

CHRISTIANSON, J. This is an appeal from an order sustaining defendant's demurrer to plaintiff's complaint. The complaint alleges in substance that one Jens Peterson at the time of his death was the owner in fee of certain land in Burke County in this state; that said Jens Peterson died testate in February, 1929; that the plaintiff is the daughter and an heir at law and the legatee of the said Peterson; that by his last will and testament the said Jens Peterson devised the real property in question to the plaintiff and also, bequeathed to her, after payment of certain specific bequests, one-sixth of the residue of his personal estate. It further alleges that the defendant was named as executor in, and of, the said last will and testament of said Jens Peterson; that he procured the probate of said will and testament; that letters testamentary were issued to him on March 19, 1929; that

he thereafter qualified as executor and took possession of the estate of the deceased; that at the time of his death the said Jens Peterson resided in the state of California; that the defendant also procured the probate of the will and testament in the courts of California and that letters testamentary were issued to him in that state and that he entered upon the discharge of his duties as executor there; that the estate of the said Jens Peterson in cash in the state of California was more than sufficient to pay the expenses of his last sickness and burial, all specific bequests and all debts in the state of California and the expense of administering the said estate and that there was more than enough personal property in the state of North Dakota to pay all debts owing in that state, together with the cost of administering the estate; that notwithstanding these facts the defendant took possession of the real property aforesaid which, it is alleged, became the property of the plaintiff immediately upon the death of Jens Peterson and that defendant farmed it during the farming season of 1929 and produced crops thereon of the approximate value of $3750. It further alleges that the plaintiff is informed and believes that certain property belonging to the estate of Jens Peterson, to-wit, certain grain, corporate stock, monies collected upon notes and other property, the description of which is unknown, came into the possession of the defendant and that no part thereof has been accounted for, either to the county court or to the plaintiff; that plaintiff has been informed and believes that the defendant expended certain sums for taxes upon the real property in question here, and for the expense incident to the raising of the crop in 1929; that plaintiff does not know the amount so expended but is willing to allow such items as are just and reasonable to be offset against the crop of 1929. It further alleges that the defendant knew the place of residence and postoffice address of the plaintiff and that plaintiff was entitled to know the terms of the accounting that the defendant, as executor, made to the county court of Burke County; that notwithstanding this fact the defendant made and filed a purported accounting in the county court of Burke County but gave plaintiff no personal notice of the accounting or of the hearing to be had thereon and caused such accounting to be approved by said county court without plaintiff having any personal knowledge or notice of the accounting or the hearing thereon; that said plaintiff knew nothing of said accounting until after

defendant had procured a final discharge as executor from said county court of Burke county, North Dakota. It is further alleged that the plaintiff has no plain, speedy and adequate remedy at law, and judgment is demanded that defendant be required to account to the plaintiff for the value of the crop of 1929 and for the property described and unaccounted for, less such just and reasonable offsets as are mentioned in the complaint, and that plaintiff have personal judgment against the defendant for the sum found due her.

The defendant demurred to this complaint on the grounds:

(1) that the court has no jurisdiction of the subject of the action; and

(2) that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was sustained and the plaintiff has appealed.

The order appealed from must be affirmed.

Section 111 of the Constitution of North Dakota gives to the county court "exclusive original jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, the sale of lands by executors, administrators and guardians, and such other probate jurisdiction as may be conferred by law."

Pursuant to this constitutional direction the legislative assembly has provided:

"The executor or administrator is entitled to possession of all the real and personal property of the decedent except the homestead and other exempt property reserved by law to the surviving husband or wife or children; and must protect the real property from waste or other injury and collect the rents and profits thereof until ordered to surrender the same, and collect the goods, chattels and other effects of the decedent and the debts and demands of every description due to the decedent or accruing to the estate in his right, and safely keep and dispose of the same according to law." Comp. Laws 1913, § 8707.

"All the property of the decedent except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children shall be chargeable with the payment of the debts of the deceased, the expenses of administration and the allowance to the family, and the property, personal and real,

may be sold as the court may direct in the manner hereinafter prescribed. There shall be no priority as between personal and real property for the above purposes." Comp. Laws 1913, § 8730.

"The estate real and personal given by will to legatees or devisees is liable for the debts, expenses of administration and allowance to the family in proportion to the value or amount of the several devises or legacies, but specific devises or legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator and there is other sufficient estate." Comp. Laws 1913, § 8733.

"The heirs or devisees may themselves or jointly with the executor or administrator maintain an action for the possession of the real estate or for the purpose of quieting title to the same against any one except the executor or administrator. For the purpose of bringing suits to quiet title or for partition of such estate the possession of the executor or administrator is the possession of the heirs or devisees. Such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator for the purposes of administration as provided in this code." Comp. Laws 1913, § 8797.

". . . Actions for the recovery of any property, real or personal, or for the possession thereof, . . . may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators or intestates." Comp. Laws 1913, § 8798.

In construing and applying these constitutional and statutory provisions this court has held that an executor or administrator has authority to bring an action to quiet title to real estate belonging to a decedent pending administration of the estate (Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029) ; and that an heir cannot maintain a suit in the district court for partition against the other heirs and the administrator of an estate after the county court has assumed jurisdiction to probate and administer the same and has appointed an administrator for that purpose, and before a final decree of distribution has been made. Honsinger v. Stewart, 34 N. D. 513, 159 N. W. 12.

In Blakemore v. Roberts, supra, this court, in interpreting and applying these provisions, said :

"Under the foregoing provisions of the Code the executor is entitled

to the possession of all the real and personal property of the testator that the decedent would have been entitled to if alive. These representatives may bring and maintain any action for the recovery of the possession of any real property the possession of which might have been obtained by the decedent in his lifetime. The entire assets of the estate, except those mentioned in section 6372, supra, pass into the possession of the executor or administrator, to be held for the use of the estate, and finally to be distributed to the heirs or devisees under the order of the county court. These sections of the Code changed entirely the common-law rule governing the possession and control of real property pending administration." 12 N. D. 399, 400, 96 N. W. 1029.

In Honsinger v. Stewart, supra, the court, after referring to the above quoted constitutional and statutory provisions, said:

"It is apparent from the above provisions that to allow the district court to entertain an action for the partition of the real estate among the heirs before the decree of final distribution would materially interfere with the exclusive jurisdiction and control which has been given both by the Constitution and the statute to the county court. . . . There may be decisions to the contrary, but they are decisions under Codes and constitutional provisions which are dissimilar to our own, and which adhere to the common-law theory that the heir or devisee has sole control of the real estate, and that such real estate is not subject to the payment of debts or the expenses of administration. . . . Before the final decree of distribution, the title of an heir is not such as will support an action of partition as against the administrator and the other heirs." 34 N. D. 518, 159 N. W. 12.

It appears from the allegations of the complaint that the final decree of distribution has been entered and the executor discharged. The decree of final distribution is of equal rank with judgments entered in other courts of record. It imports the same degree of verity, and the same presumptions exist in its favor. Joy v. Elton, 9 N. D. 428, 83 N. W. 875; Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431; Reichert v. Reichert, 41 N. D. 253, 170 N. W. 621.

In speaking of the final decree of distribution in Joy v. Elton, supra, this court said:

"It must be conceded that a judgment entered by a county court of this state in any matter within its jurisdiction is of equal rank and

dignity with other judgments entered by courts of record. It is well settled that such judgments can be attacked collaterally only upon jurisdictional grounds, and upon those of collusion or fraud, and in this case neither collusion nor fraud is claimed. It follows, therefore, that this judgment is final, unless the same can be successfully impeached upon jurisdictional grounds." 9 N. D. 438, 83 N. W. 875.

The statute (Comp. Laws 1913, § 8849) provides that "in the decree the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator or any person having the same in possession."

Under the constitutional and statutory provisions quoted above, and the construction placed thereon in the former decisions of this court, it was clearly the duty of the executor to take into his possession the real property in question here and to protect such property from waste or other injury and to collect the rents or profits (Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 83 N. W. 238, 50 L.R.A. 254, 81 Am. St. Rep. 562) thereof until ordered to surrender the same. This duty, and the correlative power to do whatever is lawful to discharge it, did not depend upon the amount of personal property or cash among the assets of the estate. It follows as a natural consequence from the legal duty imposed, that the executor became liable as such for whatever rents or profits he so collected, and was required to account therefor to the county court. In other words, we are of the opinion that whatever rents or profits an administrator or executor collects or receives from real property that has come into his possession as such, and whatever expenditures he may make in caring for such property, are items which he is required to account for in his accounting to the county court. This does not mean, as plaintiff seems to argue, that an executor or administrator may deprive a devisee of a tract of land bequeathed to him or the rents or profits to which he may be entitled. The statute makes ample provision for protection of the rights of the devisee. It provides:

"At any time after the lapse of the time limited for filing claims, any heir, devisee or legatee may present his petition to the court for the legacy or share of the estate to which he is entitled, to be given to him

upon his giving bond for the payment of his proportion of the debts of the estate." Comp. Laws, 1913, § 8841.

There is no allegation in the complaint here that the executor did not account for the profits received from the land. Presumptively he did, and the final decree of distribution passed upon such items the same as other items in the final account and distribution. If the final decree is valid it is not subject to collateral attack, and the rights of the plaintiff here must be measured by its terms. Sjoli v. Hogenson, 19 N. D. 82, 92, 122 N. W. 1008.

The allegations in the complaint fail to show any invalidity in the decree of distribution or any ground for attack upon it. No facts are set forth showing any ground justifying equitable interference. No facts are set forth showing want of jurisdiction in the county court. The allegations of the complaint may all be true and yet the plaintiff may have received all the notice that the law required to be given (see Laws 1925, chap. 120, § 4), the administrator may have accounted for all income from the land, the final decree of distribution may have made specific distribution of the same, and the plaintiff here may have received all that the county court, after due notice and hearing as provided by law, determined that she was entitled to receive.

The trial court was correct. The order appealed from must be and it is affirmed.

Nuessle, Ch. J., and Burr, Burke and Birdzell, JJ., concur.