Theodore SCHULZ, Plaintiff.
and Respondent,

v.

Minnie SAEMAN, Esther Saeman, Elenor
Lauf, and Dorothy Mohl, Defend-
ants and Appellants.

Civ. No. 8352.

Supreme Court of North Dakota.

March 17, 1967.

Rehearing Denied April 28, 1967.

**68**

Richardson & Blaisdell, Hazen, for plaintiff and respondent.

Sperry & Schnell, Bismarck, for defendants and appellants.

STRUTZ, Judge (on reassignment).

The plaintiff brought this action to enforce an option to purchase real estate. The facts are not in dispute and are, briefly stated, as follows:

Imanuel Schulz died testate on March 20, 1956. At the time of his death, he was the owner of certain real property, including the Southwest Quarter (SW¼) of Section 19; the South Half of the Southwest Quarter (S½SW¼), the Northwest Quarter of the Southwest Quarter (NW¼SW¼), and the Southwest Quarter of the Northwest Quarter (SW¼NW¼) of Section 32; all in Township 146, Range 89, Mercer County, North Dakota.

By his last will and testament, the said Imanuel Schulz gave to his wife, Mathilda, a life estate in the said real estate, with the remainder, upon her death, to his eight children, including the plaintiff and the defendants in this action. The will further provided that the interests of the children, other than the plaintiff's in this action, be subject to the plaintiff's right to purchase such real estate within three years of the death of Mathilda and the termination of her life estate, for the appraised value of the land as appraised in the estate of the testator, or, should Mathilda precede the testator in death, within a period of three years after the death of the testator.

Final decree of distribution was entered in the estate on March 9, 1959, such final decree specifically providing for the option in favor of the plaintiff herein, if such option were exercised within three years of the death of the wife, Mathilda. This provision of the final decree reads as follows:

> "3. To Theodore Schulz the right and option to purchase the remainder man's interest in the balance of the farm real estate mentioned herein after the death of the said Mathila [sic] Schulz which option shall be in effect for three years after the death of the said Mathilda Schulz, at the appraised value of said real estate as appears by the Inventory filed in this estate."

The property in question had been appraised in the probate of the Imanuel Schulz estate at $6,000.

Mathilda Schulz died on December 29, 1963, and the plaintiff thereupon notified the other seven devisees of this land, in writing, that he was exercising the option given to him in the final decree of distribution in the estate of Imanuel Schulz, offering to pay the appraised value of the land. The four defendants in this action refused.

to sell their interests, and the plaintiff brings this action to enforce his option.

The trial court, after hearing, ordered that, within thirty days from the entry of judgment in this action, each of the defendants execute and deliver to the clerk of the district court a sufficient deed conveying to the plaintiff her interest in the property described, and that, in default of the execution and delivery of such deeds, the judgment in this action should operate as such conveyance of title to the plaintiff, on the condition that the plaintiff pay to the clerk of court, on or before a certain date, the sum of $750 for each defendant.

From judgment entered on such order, the defendants have appealed to this court.

The defendants contend that the county court had no jurisdiction to pass on the option to purchase in the will, and that its attempt to give meaning and effect to the option provision therefore was void. They further contend that the option or privilege of purchasing the interests of the seven daughters, attempted to be given to the plaintiff, was a restriction on the fee-simple interests which had been devised in the will to such children, and that such attempted option was void and could not be given effect.

Here, the language used in the will to give the plaintiff an option followed the paragraph in which a devise of the real property in question was made to the children, effective upon the death of the wife, Mathilda. The language used in attempting to give an option to the plaintiff was as follows:

"FOURTH:

"It is my further wish and desire that my son Theodore Schultz [sic] shall have the right to purchase the remainderman's interest in and to the farm land from my daughters, and after the death of my wife, that he shall purchase such remainder interest within a period of three years after the death of my wife, or should my wife precede me in death, within a period of three years after my death. That the purchase price of such land shall be the appraised value of said land at the time of my death."

The first question on this appeal, therefore, is whether the county court had the authority to construe the provisions of the will which gave to the plaintiff an option to purchase the interests of the other devisees of the testator. If the county court had jurisdiction to determine the validity of the option, its determination was final on failure of the defendants to appeal from the final decree of distribution. The determination of the validity of the option then became res judicata.

On the other hand, if the determination of the validity of the option was not within the jurisdiction of the county court, the provision in the final decree of distribution giving the plaintiff such option to purchase was invalid and void, and tne defendants now can raise the question of the rights of the parties under the purported option in this collateral lawsuit.

 Section 111 of the North Dakota Constitution provides that the county court shall have original jurisdiction in probate and testamentary matters, including sale of lands by executors, administrators, and guardians " * * * and such other probate jurisdiction as may be conferred by law; * * *."

Section 30–21–10, North Dakota Century Code, provides:

"In a decree of distribution, the court must name the persons entitled to share in the estate and the proportion or part to which each shall be entitled. * * *"

Such determination by the county court as to who is entitled to the property of the estate, and in what proportions such persons are to share, is a final judgment from which an appeal may be taken within thirty days. Secs. 30–26–01 and 30–26–03, N.D. C.C. See also In re Nystuen's Estate (N.D.), 80 N.W.2d 671.

■ A county court's decree is of equal rank with judgments entered by other courts of record in this State [Dolphin v. Peterson, 63 N.D. 792, 249 N.W. 784; Fischer v. Dolwig, 29 N.D. 561, 151 N.W. 431; Joy v. Elton, 9 N.D. 428, 83 N.W. 875]; and such final decree is not subject to collateral attack where the court had jurisdiction and where no fraud or collusion is claimed or proved [Knight v. Harrison, 43 N.D. 76, 174 N.W. 632].

■ In the case at bar, the county court clearly had jurisdiction to enter the final decree. In entering that decree, it had jurisdiction to determine not only who was entitled to the estate but it had another duty, under Section 30–21–10, to determine what proportion or what part of the estate each person was entitled to receive. Having this power, could the county court pass on the plaintiff's right to purchase from the daughters of the testator, which right or privilege the will attempted to give to him?

■ It is a well-established principle of law that, in construing a will, the intention of the testator must be ascertained if possible, and, where such intention is not contrary to some established rule of law or against public policy, it must be given effect. Secs. 56–05–01 and 56–06–13, N.D.C. C.; 95 C.J.S. Wills § 590, p. 730.

■ It cannot be contended that it was not the intention of the testator in this case to give the plaintiff an option to buy the shares of the other children, at the appraised price and provided such option was exercised within the time specified. The question for us to determine here is whether this clear intention could be given effect by the county court, or whether it was beyond the jurisdiction of the county court to declare, in its final decree of distribution, that the children should receive the land subject to plaintiff's right to purchase. If the county court had this authority and had jurisdiction to determine to whom the land should be distributed, subject to the plaintiff's right to purchase, the failure of the defendants to appeal from the final decree makes the county court's determination of this question final, even though the county court's determination may have been erroneous. As was pointed out by the Honorable Obert C. Teigen in Manikowske v. Manikowske (N.D.), 136 N.W.2d 465, if the county court makes a mistake in a matter over which it has jurisdiction, and no appeal is taken, its decision becomes final and "the mistake cannot be corrected in a collateral action in the district court."

The decisions of other States are of little help to us in interpreting the provisions of our own Constitution and statutes on this question. As was said in Graves v. First National Bank in Grand Forks (N.D.), 138 N.W.2d 584, our decision must rest on our own constitutional and statutory provisions, as previously interpreted by this court, while the decisions of other jurisdictions are based on constitutional and statutory provisions which may vary greatly from our own.

■ Our conclusion, after a careful consideration of our own constitutional and statutory provisions, and the decisions of this court in interpreting both, is that the county court had jurisdiction to construe the provisions of the will to determine who was entitled to the property in the estate, and the part of such property each person was entitled to receive. In making its determination as to the interest of each person in the property of the estate, it is necessary for the county court to construe that portion of the will giving the plaintiff a purported option to buy. The defendants now contend that the determination which was made by the county court was erroneous. If that is true, their remedy was to appeal from the final decree of distribution. Since it was necessary in the administration of the estate of Imanuel Schulz to determine who was entitled to the property which was being distributed and to determine the interest of each person named in the will, we hold that the county court had jurisdiction to make a determination as to the prop-

erty which would pass to each, and this required a determination of the validity of the option.

The judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.